IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

    Defendants.

## SECOND AMENDED COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendants NOFAL LLC d/b/a Food Town Mart ("NOFAL LLC") and Sharif Jaber ("Jaber") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. NOFAL LLC is a limited liability company organized and existing under the laws of the State of Wisconsin with its principal place of business located at 2041 E. Drexel Avenue, Oak Creek, WI 53154.

3. Jaber is an individual who is a citizen of the State of Wisconsin residing at 2041 E. Drexel Avenue, Oak Creek, WI 53154.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Wisconsin such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I. Plaintiff's Business

7. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

9. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

10. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly

subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

**II.   The Work at Issue in this Lawsuit**

12. In 1997, a professional photographer created a photograph titled "RawPorkChopCCBnls005_ADL.jpg" (the "<u>Work</u>"). A copy of the Work is exhibited below:



13. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 20, 2017 and was assigned Registration No. VA 2-027-172. A true and

correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

15. NOFAL LLC owns and operates a full-line grocery store located in Milwaukee, WI under the trade name "Food Town Mart" and/or "Foodtown Mart."

16. Jaber is the manager and, upon information and belief, sole member of NOFAL LLC. Jaber has exclusive control over the business activities of Little Pine, including but not limited to the infringing activities that are the subject of this lawsuit.

17. NOFAL LLC advertises/markets its products primarily through its website (https://villard-food-town.business.site/https://iliria-foods.business.site/), social media (e.g. https://www.facebook.com/villardfoodtown), and other forms of advertising.

18. On September 28, 2020 (after Plaintiff's above-referenced copyright registration of the Work), NOFAL LLC published the Work on its business Facebook page (at https://www.facebook.com/villardfoodtown/photos/pcb.2818903505099367/2818895218433529/https://iliria-foods.business.site/ - testimonials) in connection with the marketing of its business:



19. A true and correct copy of screenshots of the website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

20. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with the foregoing Facebook page or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendants on notice that the Work was not intended for public use.

21. Defendants utilized the Work for commercial use – namely, in connection with the marketing of NOFAL LLC's business.

22. Upon information and belief, NOFAL LLC located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered NOFAL LLC's unauthorized use/display of the Work in November 2021. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, however, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

24. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (NOFAL LLC)

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, NOFAL LLC had access to the Work prior to its own reproduction, distribution, and public display of the Work on NOFAL LLC's business Facebook page.

29. NOFAL LLC reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By his actions, NOFAL LLC infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless

6
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228
Case 2:22-cv-00642-JPS     Filed 02/06/23     Page 6 of 10     Document 19

disregard for whether its conduct infringed upon Plaintiff's copyright. NOFAL LLC clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. NOFAL LLC's willfulness is further demonstrated by Defendants' conduct upon receiving notice of its infringement. Rather than acknowledge the infringement and attempt to negotiate a reasonable license for its use of the Work, Defendants instead lied and denied that the Work was ever published on Food Town Mart's Facebook page (notwithstanding that screenshots of the infringement were included in Plaintiff's initial infringement notice) and went so far as to change the name of the business on Food Town Mart's Facebook page – all in an effort to cover up the infringement.

33. Plaintiff has been damaged as a direct and proximate result of NOFAL LLC's infringement.

34. Plaintiff is entitled to recover its actual damages resulting from NOFAL LLC's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of NOFAL LLC's profits from infringement of the Work, which amounts shall be proven at trial.

35. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of NOFAL LLC's conduct.

37. NOFAL LLC's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction

prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against NOFAL LLC as follows:

a. A declaration that NOFAL LLC has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining NOFAL LLC, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with NOFAL LLC, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
(Jaber)

38. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

39. As evidenced above, NOFAL LLC infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

40. As the manager and sole member of NOFAL LLC, Jaber has the right and ability to control the infringing acts of NOFAL LLC, yet declined or failed to stop NOFAL LLC from engaging in its infringing activity.

41. Further, the business license for NOFAL LLC's d/b/a (Food Town Mart) is registered in Jaber's name individually.

42. Jaber obtained a direct financial benefit from NOFAL LLC's infringing activities. As the manager and sole member of NOFAL LLC, Jaber receives profit distributions therefrom and, upon information and belief, pays himself a salary therefrom.

43. As a direct and proximate result of Jaber's vicarious copyright infringement, Plaintiff has been damaged. See, e.g. Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement.").

**WHEREFORE**, Plaintiff demands judgment against Jaber as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining Jaber, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Jaber, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

h. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: February __, 2023.                COPYCAT LEGAL PLLC
                                         3111 N. University Drive
                                         Suite 301
                                         Coral Springs, FL 33065
                                         Telephone: (877) 437-6228
                                         dan@copycatlegal.com

                                         By: /s/ Daniel DeSouza
                                             Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on February __, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.