UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

    Plaintiff,

v.                                                            Case No.: 22-CV-642

NOFAL, LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

    Defendants.

---

### DEFENDANTS, NOFAL LLC d/b/a FOOD TOWN MART AND SHARIF JABER'S ANSWER AND AFFIRMATIVE DEFENSES

---

Now come the defendants, Nofal, LLC d/b/a Food Town Mart and Sharif Jaber, by their attorneys, Terschan, Steinle, Hodan & Ganzer, Ltd., by W. Timothy Steinle, as and for an answer to the Complaint, admit, deny, and assert as follows:

#### PARTIES

1. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 1 of the plaintiff's Second Amended Complaint and, therefore, denies.

2. These answering defendants admit the allegations contained within paragraph 2 of the plaintiff's Second Amended Complaint.

3. These answering defendants admit the allegations contained within paragraph 3 of the plaintiff's Second Amended Complaint.

## JURISDICTION AND VENUE

4. The allegations contained within paragraph 4 of the plaintiff's Second Amended Complaint contain legal conclusions that can neither be admitted nor denied. To the extent a response is required, they must be deemed denied.

5. The allegations contained within paragraph 5 of the plaintiff's Second Amended Complaint contain legal conclusions that can neither be admitted nor denied. To the extent a response is required, they must be deemed denied.

6. The allegations contained within paragraph 6 of the plaintiff's Second Amended Complaint contain legal conclusions that can neither be admitted nor denied. To the extent a response is required, they must be deemed denied.

## FACTS

7. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 7 of the plaintiff's Second Amended Complaint and, therefore, denies.

8. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 8 of the plaintiff's Second Amended Complaint and, therefore, denies.

9. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 9 of the plaintiff's Second Amended Complaint and, therefore, denies.

10. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 10 of the plaintiff's Second Amended Complaint and, therefore, denies.

11. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11 of the plaintiff's Second Amended Complaint and, therefore, denies.

12. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 of the plaintiff's Second Amended Complaint and, therefore, denies.

13. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13 of the plaintiff's Second Amended Complaint and, therefore, denies.

14. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 of the plaintiff's Second Amended Complaint and, therefore, denies.

15. Admit Nofal, LLC owns and operates a full-time grocery store in Milwaukee, Wisconsin under the trade name "Food Town Mart" and deny the remaining allegations contained within paragraph 15 of the plaintiff's Second Amended Complaint.

16. Admit Jaber is the sole member of Nofal, LLC but deny the remaining allegations contained within paragraph 16 of the plaintiff's Second Amended Complaint.

17. These answering defendants deny the allegations contained within paragraph 17 of the plaintiff's Second Amended Complaint.

18. These answering defendants deny the allegations contained within paragraph 18 of the plaintiff's Second Amended Complaint.

19. Admit that a screenshot of a website is attached to the Second Amended Complaint and labeled as Exhibit B, but assert these answering defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained within paragraph 19 of the plaintiff's Second Amended Complaint and, therefore, deny.

20. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 20 of the plaintiff's Second Amended Complaint and, therefore, denies.

21. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 21 of the plaintiff's Second Amended Complaint and, therefore, denies.

22. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 22 of the plaintiff's Second Amended Complaint and, therefore, denies.

23. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 23 of the plaintiff's Second Amended Complaint and, therefore, denies.

24. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 24 of the plaintiff's Second Amended Complaint and, therefore, denies.

<u>COUNT 1 – COPYRIGHT INFRINGEMENT</u>
(NOFAL LLC)

25. These answering defendants reasserts the answers contained within paragraphs 1 through 24 above as if pled in their entirety and with specificity.

26. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 26of the plaintiff's Second Amended Complaint and, therefore, denies.

27. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 27 of the plaintiff's Second Amended Complaint and, therefore, denies.

28. These answering defendants deny the allegations contained within paragraph 28 of the plaintiff's Second Amended Complaint.

29. These answering defendants deny the allegations contained within paragraph 29 of the plaintiff's Second Amended Complaint.

30. These answering defendants deny the allegations contained within paragraph 30 of the plaintiff's Second Amended Complaint.

31. These answering defendants deny the allegations contained within paragraph 31 of the plaintiff's Second Amended Complaint.

32. These answering defendants deny the allegations contained within paragraph 32 of the plaintiff's Second Amended Complaint.

33. These answering defendants deny the allegations contained within paragraph 33 of the plaintiff's Second Amended Complaint.

34. These answering defendants deny the allegations contained within paragraph 34 of the plaintiff's Second Amended Complaint.

35. The allegations contained within paragraph 35 of the plaintiff's Second Amended Complaint contain legal conclusions that can neither be admitted nor denied. To the extent a response is required, they must be deemed denied.

36. The allegations contained within paragraph 36 of the plaintiff's Second Amended Complaint contain legal conclusions that can neither be admitted nor denied. To the extent a response is required, they must be deemed denied.

37. The allegations contained within paragraph 37 of the plaintiff's Second Amended Complaint contain legal conclusions that can neither be admitted nor denied. To the extent a response is required, they must be deemed denied.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
(Jaber)

38. These answering defendants reassert the answers contained within paragraphs 1 through 24 above as if pled in their entirety and with specificity.

39. These answering defendants deny the allegations contained within paragraph 39 of the plaintiff's Second Amended Complaint.

40. These answering defendants deny the allegations contained within paragraph 40 of the plaintiff's Second Amended Complaint.

41. These answering defendants Admit the allegations contained within paragraph 41 of the plaintiff's Second Amended Complaint.

42. These answering defendants deny the allegations contained within paragraph 42 of the plaintiff's Second Amended Complaint.

43. These answering defendants deny the allegations contained within paragraph 43 of the plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a claim upon which relief can be granted.

2. The acts and/or allegations contained within the Second Amended Complaint were caused by those other than these answering defendants.

3. The claims of the plaintiff may be precluded by the application of the "fair use" doctrine.

4. The plaintiff has failed to mitigate their damages.

## DEMAND FOR JURY TRIAL

The defendants, Nofal LLC d/b/a Food Town Mart and Sharif Jaber respectfully demands a trial by jury on all issues.

WHEREFORE, the defendants, Nofal LLC d/b/a Food Town Mart and Sharif Jaber demands judgment dismissing the complaint together with an award to these answering defendants of its costs, disbursements, and any other relief deemed just and equitable by the Court.

Dated at Milwaukee, Wisconsin this 20th day of February, 2023.

TERSCHAN, STEINLE, HODAN & GANZER, LTD.
Attorneys for the Defendants, Nofal LLC d/b/a Food Town Mart and Sharif Jaber

*Electronically signed by W. Timothy Steinle*
State Bar No.: 1003777
*Electronically signed by Amber L. Herda*
State Bar No.: 1057713

P.O. ADDRESS:
309 North Water Street, Suite 215
Milwaukee, WI 53202
T: (414) 258-1010
F: (414) 258-8080
timothy.steinle@tshglaw.com
amber@tshglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The ECF system will send notification of the filing to all attorneys of record.