**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

Defendants.

---

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**
**TO DEFENDANT NOFAL LLC D/B/A FOOD TOWN MART**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. requests that defendant NOFAL LLC d/b/a Food Town Mart produce the following documents and things to the offices of CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, within thirty (30) days of the date of service of these requests.

**DEFINITIONS**

1. "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2. "Complaint" means the governing Complaint in the above-captioned action.

3. "Concerning" or "Regarding" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4. "Document" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, e-mail, text message, computer data, sworn statement, deposition transcript, affidavit, recording, photograph, or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form maintained. The term "Document" also includes all Communications and all Electronically Stored Information.

5. "All Documents" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6. "Electronically Stored Information" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes (but is not limited to): e-mails; text messages; messages sent via messaging services/applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.); word-processing documents; electronic spreadsheets; electronic presentation documents; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes;

e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.

7. "Identify" means, when referring to a Person, to give, to the extent known, the Person's full name, job title, present or last known address and when referring to a natural Person, additionally, the present or last known place of employment.

8. "Identify" means, when referring to any other information, to give a full, complete, forthright and correct account of whatever is the subject of the inquiry.

9. "Including" shall mean including but not by way of limitation.

10. "Lawsuit" means the above-captioned case, currently pending in the United States District Court for the Eastern District of Wisconsin.

11. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

12. "Defendants" refers to defendants NOFAL LLC d/b/a Food Town Mart and Sharif Jaber, and includes any agents, servants and other persons acting or purporting to act on their behalf, collectively.

13. "Demand Letter" refers to the November 22, 2021 letter (and any attachments thereto) sent to Defendant on behalf of Plaintiff.

14. "Facebook Page" refers to the Facebook page located at https://www.facebook.com/villardfoodtown.

15. "Jaber" refers to defendant Sharif Jaber and includes any agents, servants and other persons acting or purporting to act on Jaber's behalf.

16. "NOFAL LLC" refers to defendant NOFAL LLC d/b/a Food Town Mart and includes any agents, servants and other persons acting or purporting to act on Defendant's behalf.

17. "Plaintiff" refers to plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co. and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

18. "Website" refers to the website located at https://villard-food-town.business.site/.

19. "Work" refers to the photograph referenced and identified at ¶ 12 of the Complaint.

20. All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint.

21. All words in the present tense include the past, and all words in the past tense include the present tense.

22. As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

## INSTRUCTIONS

1. Each Request should be responded to separately indicating that you will produce the documents or items requested. If any of the requested documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

2. In producing these documents, you are required to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you, or by your agents, employees, representatives, or investigators; or by your present or former attorneys or its agents, employees, representatives, or investigators; or by your affiliates, predecessors, corporations, partnerships or other legal entities controlled by or in any manner affiliated with you.

3. **Electronically Stored Information – Form of Production:** Unless the parties agree

otherwise, all Electronically Stored Information must be produced in its native form. For example, this means that documents originally created as Microsoft Word files, Excel spreadsheets, and PowerPoint presentations must be produced as .doc, .xls, and .ppt (or successor file types) electronic files, respectively, without redaction of metadata. Similarly, e-mails must be produced in .msg, .pst, .eml or .nsf file formats. E-mails shall be produced so that the full header is accessible and readable. **For the avoidance of doubt, no Electronically Stored Information shall be produced in paper, .tif, .pdf, and/or other similar non-native format without prior written consent from undersigned counsel**.

4. If Electronically Stored Information is not reasonably useable in its native form, then all software, instructions, or tools necessary to make the information reasonably useable must also be provided or identified. To the extent that identical information is available in multiple forms of Electronically Stored Information, you need only produce the Electronically Stored Information in one native form.

5. Unless otherwise instructed, the date range for these requests shall be January 1, 2019 through the date your responses to these requests are served.

## REQUESTS FOR PRODUCTION

1. All photographs and videos of the interior and exterior of the "Foodtown Mart" store located at 3217 W. Villard Avenue, Milwaukee, WI 53209.

2. All documents and communications (other than with your counsel) containing the word "hookah" or "bong."

3. Receipts, purchase orders, and/or invoices with respect to the purchase of any "gift boxes" shaped like a hookah, as Sharif Jaber described in his deposition.

4. All contracts and/or written agreements with Boost Mobile.

5. Documents sufficient to identify all sales of mobile phones and/or mobile phone plans, including but not limited to any sales for or on behalf of Boost Mobile.

6. All inventory lists showing any non-food items for sale in the "Foodtown Mart" store located at 3217 W. Villard Avenue, Milwaukee, WI 53209.

7. A copy of NOFAL LLC's QuickBooks (or other accounting software) file, including any transaction reports stored therein.

8. Copies of all flyers and/or ads created, distributed, and/or printed for the sale of any items in the "Foodtown Mart" store located at 3217 W. Villard Avenue, Milwaukee, WI 53209.

9. All contracts and/or written agreements with any entity/company concerning the supply of food or other products to the "Foodtown Mart" store located at 3217 W. Villard Avenue, Milwaukee, WI 53209.

10. All contracts and/or written agreements with Associated Wholesale Grocers.

11. All contracts and/or written agreements with U-Haul.

Dated: October 10, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Email: dan@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Daniel DeSouza______
Daniel DeSouza, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I served the foregoing document via e-mail to:

Timothy Steinle, Esq. (timothy.steinle@tshglaw.com) and Amber L. Herda, Esq. (amber@tshglaw.com).

/s/ Daniel DeSouza ___
Daniel DeSouza, Esq.