UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

    Plaintiff,

v.    Case No.: 22-CV-642

NOFAL, LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

    Defendants.

### DEFENDANTS, NOFAL LLC d/b/a FOOD TOWN MART AND SHARIF JABER'S FINAL PRE-TRIAL REPORT

NOW COME the defendants, Nofal, LLC and Sharif Jaber, by their attorneys, Terschan, Steinle, Hodan & Ganzer, Ltd., by W. Timothy Steinle, and hereby submit the following as their final pretrial report in reference to this action:

### (1)(A) SUMMARY OF FACTS

The plaintiff, Prepared Food Photos, Inc., alleged in a Second Amended Complaint two (2) counts against the defendants, Nofal, LLC, and Sharif Jaber, individually: Count I-Copyright Infringement as to Nofal, LLC and Count II-Vicarious Copyright Infringement as to Sharif Jaber individually (Document 19). As to the allegations in the complaint, the defendants have denied any and all liability and put the plaintiff to their burden of proof. Additionally, the defendants have asserted affirmative defenses which include: failure to state a claim upon which relief can be granted; the claims of the plaintiff may be precluded by the application of the "fair use" doctrine:

the acts and/or allegations contained within the second amended complaint were caused by those other than these answering defendants, and the plaintiff has failed to mitigate their damages. (Document 21).

The factual basis for these allegations arise out of the operation of a food store named Food Town Mart. Nofal, LLC purchased Villard Food Town in November of 2017 (Document 36-2, 11:13 to 11:16). Sharif Jaber, as the registered agent of Nofal, LLC, changed the d/b/a of Villard Food Town to Food Town Mart (Document 36-2, 7:24-8.3). Prior to Nofal, LLC purchasing Villard Food Town, there was a Facebook page with an account Villard Food Town with a registration date of September 12, 2010 and a user identified as Nofal Hamad (Document 36-5). The meta form business record for Villard Food Town has a registration dated of June 12, 2013 with the user identified as Amjad Hamad (Document 36-5).

The plaintiff has alleged that on September 28, 2020, the defendants posted on the Villard Food Town Facebook page a copy of a photograph depicting pork chops (Document 19). The picture of the photograph that was posted on the Villard Food Town Facebook pages was a photograph that was created in 1997. The photograph was registered by the plaintiff with the Register of Copyrights on January 20, 2017 with Registration No.. BA2-027-172. (Document 36-1) At the time of the post on Facebook on September 28, 2020, Amjad Hamad was an employee of Nofal, LLC (Document 36-3, 22:19-22). Sharif Jaber, the registered agent for Nofal, LLC, never gave instruction to Amjad Hamad as to how to post any material to the Facebook page. (Document 36-3, 25:14-23:17) Sharif Jaber, as the registered agent for Nofal, LLC, did not inform Amjad Hamad to post the registered photo to the Facebook page but rather, Amjad Hamad put it there

himself. (Document 36-3, 45:18-45:23) Sharif Jaber, as the registered agent for Nofal, LLC, never received any notice of any potential copyright violation from the plaintiff prior to receiving a copy of the summons and complaint. (Document 36-2, 15:14-15:16)

In summary, this lawsuit arises out of the alleged use by the defendants of one (1) photograph that was created in 1997, was not copyrighted until 2017 and which was allegedly utilized by the defendant in 2020 on a social medial platform, a Facebook page.

### (1)(B)  STATEMENT OF THE ISSUES

1. Whether the plaintiff met their burden of proof that Nofal, LLC infringed upon the copyrighted material of the plaintiff?

2. Whether Sharif Jaber induced, caused, encouraged or contributed in a significant way to Amjad Hamad to infringe upon the copyrighted material of the plaintiff?

3. Is the affirmative defense "fair use" applicable in this particular case?

### (1)(C)  WITNESSES EXPECTED TO TESTIFY

The witnesses that are expected to testify are:

1. Sharif Jaber, individually and as the registered agent for Nofal, LLC
   2041 East Drexel Avenue
   Oak Creek, WI 53154

2. Nofal Hamad
   357 East Arbor Court
   Oak Creek, WI 53154

3. Amjad Hamad
   734 East Village Green Court
   Oak Creek, WI 53154

### (1)(D)  EXPERT WITNESSES

No expert witnesses will be testifying on behalf of these defendants.

### (1)(E)  EXHIBIT LIST

These defendants do not anticipate utilizing any exhibits during the trial of this matter.

**(1)(F) DESIGNATION OF DEPOSITIONS OR PORTIONS OF TRANSCRIPTS**

Defendants do not anticipate the use of depositions or portions of any transcripts of the depositions. Otherwise, all transcripts may be used in the normal course of cross-examination or to refresh recollection.

**(1)(G) TIME TO TRY CASE**

The defendants anticipate it will take 3 days to try this matter.

**(1)(H)(i) PROPOSED SUBSTANTIVE VOIR DIRE QUESTIONS**

1. Does any member of the panel know or is familiar with the defense witnesses: Sharif Jaber, Nofal Hamad or Amjad Hamad?

2. The Jaber/Hamad family is a very large family within the City and County of Milwaukee. Is any member of the panel or any members of the panel's immediate family familiar with the Jaber/Hadam family?

3. Has any member of the panel or is any member of the panel's family members familiar with Villard Food Town n/k/a Food Town Mart located on Villard Avenue in the City of Milwaukee?

4. Has any member of the panel or any member of the panel's immediate family frequented Villard Food Town n/k/a Food Town Mart located on Villard Avenue in the City of Milwaukee?

5. Is any member of the panel or any member of the panel's immediate family involved in the advertising business or employed by an advertising company or agency involved in designing or creating any advertising?

6. Is any member of the panel or any member of the panel's immediate family involved in any commercial or business activity that utilizes advertising on any level?

7. Is any member of the panel or any member of the panel's immediate family involved in any commercial or business activity that utilizes Facebook or any other social media to advertise?

8. Is any member of the panel or any member of the panel's immediate family involved in any commercial or business activity that purchased any copyrighted or trademarked material to be utilized for advertising purposes?

9. Is any member of the panel or any member of the panel's immediate family involved in the IT field?

## (1)(H)(ii) PROPOSED JURY INSTRUCTIONS

| | |
|---|---|
| 12.1.1 | Copyright – Allegation Defined |
| 12.2.1 | Copyright – Infringement |
| 12.3.1 | Validity |
| 12.4.1 | Ownership |
| 12.5.1 | Copying |
| 12.6.1 | Derivative Liability – Vicarious Infringement |
| 12.6.2 | Derivative Liability – Contributory Infringement |
| 12.8.1 | Damages – General |
| 12.8.2 | Damages – Actual Damages |
| 12.8.4 | Damages – Statutory Damages |

## (1)(H)(iii) PROPOSED VERDICT FORM

See attached.

## (c) FINAL PRETRIAL REPORT

**(2)** Pursuant to the Local Rules, counsel for the defendants have made efforts to confer with plaintiff's counsel concerning the content of the final pretrial report and to discuss potential stipulations. Counsel for the defendants has been unsuccessful in their efforts to meet and confer.

Dated at Milwaukee, Wisconsin this 11th day of April, 2024.

                                                TERSCHAN, STEINLE, HODAN & GANZER, LTD.
                                                Attorneys for the Defendants, Nofal LLC d/b/a
                                                Food Town Mart and Sharif Jaber

                                                *Electronically signed by W. Timothy Steinle*
                                                State Bar No.: 1003777

<u>P.O. ADDRESS</u>:
309 North Water Street, Suite 215
Milwaukee, WI 53202
T: (414) 258-1010
F: (414) 258-8080
timothy.steinle@tshglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2024, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The ECF system will send notification of the filing to all attorneys of record.