# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PREPARED FOOD PHOTOS, INC.,

    Plaintiff,

v.

SHARIF JABER and NOFAL, LLC,

    Defendants.

Case No. 22-CV-642-JPS

**ORDER**

    This case is set for a jury trial commencing on October 28, 2024. ECF No. 39. Various submissions in this case indicate that the parties believe that the issues of (1) whether the photograph at issue is the subject of a valid copyright and/or (2) whether Plaintiff owns the copyright in the photograph are issues of fact for the jury. *See* ECF No. 42 at 4–6 (proposed jury instructions for "copyright infringement," "validity," and "works made for hire"); ECF No. 44 ("[The parties] agree that any issue of copyright ownership and fair use would be fact issues determined at trial."). The parties' pretrial report, on the other hand, does not delineate these issues for trial. ECF No. 41 at 2–3.

    With respect to copyright validity or "copyrightability" of the photo, it is not entirely clear under the law of the Seventh Circuit that copyright validity is a matter to be determined by the jury. *See* Seventh Cir. Pattern Jury Instruction 12.3.1, cmt. 1 (2023) (discussing *Gaiman v. McFarlane*, 360 F.3d 644, 648 (7th Cir. 2004) and *Pub'ns Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir. 1996)). The parties in this case have not indicated (1) their legal arguments for why the photograph is or is not the subject of a valid

copyright and (2) what evidence or testimony they would present to the jury in support of their respective positions. To the extent the parties intend for the issue of copyright validity to go to the jury, the Court is not able, at this juncture, to determine whether permitting this issue to go to the jury is proper.

With respect to whether Plaintiff owns the copyright in the photograph, the parties have not indicated (1) their legal arguments for why Plaintiff does or does not own the copyright in the photograph pursuant to its work for hire agreement with the photographer and (2) what evidence or testimony they would present to the jury in support of their respective positions (for example, Plaintiff has not included among its trial exhibits a copy of its work for hire agreement with the photographer and has not indicated that it intends to call the photographer as a witness). The Court is not clear on the nature of the factual dispute(s) as to ownership the parties believe that the jury must resolve.

The Court will therefore order the parties to jointly prepare and submit a memorandum outlining their respective legal arguments and the evidence or testimony they intend to introduce in support of their positions on the each of these issues, again: (1) whether the photograph at issue is the subject of a valid copyright and (2) whether Plaintiff owns the copyright in the photograph.

The parties shall file the memorandum under case participant-only restriction by the end of the day on **Tuesday, October 22, 2024**. Alternatively, if the parties are able to stipulate that the photograph is the subject of a valid copyright and/or that Plaintiff owns the copyright in the

photograph,[1] then they should indicate as much in the memorandum. Once the Court receives this memorandum, it will address local counsel's request to be excused from appearing at trial, ECF No. 44, and address any further trial preparation needs.

Accordingly,

**IT IS ORDERED** that, by the end of the day on **Tuesday, October 22, 2024**, Plaintiff Prepared Food Photos, Inc. and Defendants Sharif Jaber and NOFAL, LLC, shall jointly prepare and submit, under case participant-only restriction, a memorandum addressing the points specified herein.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] This would leave the issues of whether Defendants copied protected expression in Plaintiff's work, Defendants' fair use defense, and damages for the jury to determine.

Page 3 of 3
Case 2:22-cv-00642-JPS    Filed 10/17/24    Page 3 of 3    Document 45