# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PREPARED FOOD PHOTOS, INC.,

        Plaintiff,

v.

SHARIF JABER and NOFAL, LLC
*doing business as* FOOD TOWN
MART,

        Defendants.

Case No. 22-CV-642-JPS

**JURY
INSTRUCTIONS**

## P A R T  I

### General Introduction

**MEMBERS OF THE JURY:**

Now that you have heard all the evidence in the case, it becomes my duty to instruct you on the law which applies to this case.

These instructions will be in three parts:

**First**:     The instructions on general rules which define and control the jury's duties in a civil case;

**Second**:     The instructions stating the rules of law which you must apply, that is, what each party must prove in their case; and

**Third**:     Some rules and guidelines for your deliberations and the return of your verdict.

At the conclusion of my instructions the lawyers for the parties will deliver their closing arguments followed by the concluding instructions of the Court.

Copies of these instructions will be available in the jury room for each of you to consult should you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you in these instructions, whether you agree with the law or not. All of the instructions are equally important and should be considered together as a connected series and regarded as the law applicable to the case. As jurors, you have no right to disregard, or give special attention to, any one of the instructions, or to question the wisdom of any rule of law.

As jurors, you should consider and view the evidence in light of your own observations and experiences in the affairs of life.

In determining the facts, you should do so from a fair consideration of the evidence. That means you must not be influenced by prejudice, fear, favor, public opinion, personal likes or dislikes, opinions, or sympathy.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

All parties are equal before the law. Each of the parties in this case is entitled to the same fair consideration. In this case, the plaintiff, Prepared Food Photos, Inc. and one of the defendants, NOFAL, LLC doing business as Food Town Mart, are corporations; the other defendant, Sharif Jaber, is an individual. Corporations are entitled to the same fair consideration that you would give any individual person.

In reaching your verdict, you may consider only the testimony of the witnesses and the exhibits received in evidence. Certain things are not evidence, and you may not consider them in determining what the facts are.

Those matters and things which are not evidence include the following:

**First**, opening statements and closing arguments by the lawyers for the parties are not evidence. What they have said in their opening statements served to acquaint you with the facts they expected the evidence to show. What they say in their closing arguments is intended to help you interpret the evidence. You should consider the closing arguments carefully; however, if the evidence as you recall it differs from the way Prepared Food Photos, Inc.'s or Sharif Jaber or NOFAL, LLC doing business as Food Town Mart's lawyers have characterized it, keep in mind it is your recollection of the evidence that controls during your deliberations.

**Second**, questions and objections by the lawyers for the parties are not evidence. Prepared Food Photos, Inc.'s or Sharif Jaber or NOFAL, LLC doing business as Food Town Mart's lawyers have a duty to object to what they feel are improper questions asked of the witnesses. You should not draw any conclusions for either side from the fact that an objection was made to any question and that the witness may not have been permitted to answer it. If I sustained objections to questions that were asked, you must not speculate on what the answers might have been.

**Third**, testimony or exhibits which have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, if testimony or exhibits have been received for a limited purpose, you must follow the limiting instruction given as to such matters.

**Fourth**, anything you may have heard or seen about this case outside the courtroom must be entirely disregarded by you. You are to decide this case solely on the basis of the evidence received during the trial.

If during the course of this trial you have gained any impression that I have a feeling one way or another about this case, then you should completely disregard any such impression because you, as jurors, are the sole judges of the evidence and the credibility of the witnesses in this case. My feelings are wholly immaterial. Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be. Moreover, I have a duty to caution or warn a party or attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial. You are the sole and exclusive judges of the facts.

In determining the facts, you are reminded that before each member of the jury was accepted and sworn to act as a juror, you were asked questions regarding your competency, qualifications, fairness, and freedom from prejudice or sympathy. On the faith of those answers, each of you was accepted by the parties to serve as a juror. Therefore, those answers are as binding on each of you now as they were then, and should remain so until the jury is discharged from consideration of this case.

In this civil action, certain questions in the Special Verdict form ask that you answer the questions "yes" or "no." The party who wants you to answer the questions "yes" has the burden of proof as to those questions. This burden of proof is to satisfy you by the greater weight of the credible evidence, to a reasonable certainty, that "yes" should be your answer to the questions.

When I say a particular party must prove something by "the greater weight of the credible evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: the evidence in favor of a "yes"

answer has more convincing power than the evidence opposed to it. "Credible evidence" means evidence you believe in light of reason and common sense. "Reasonable certainty" means that you are persuaded based upon a rational consideration of the evidence. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom, if ever, possible in any case. However, a guess is not enough to meet the burden of proof.

Those jurors who may have sat in a criminal case have heard of proof beyond a reasonable doubt. As I stated in my preliminary instructions, that standard does not apply in a civil case such as this one and, therefore, you should put it out of your mind.

The evidence from which you are to determine the facts in order to reach a verdict consists of:

**First**: The sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

**Second**: Deposition testimony presented during the trial;

**Third**: The exhibits which have been received into evidence, regardless of who may have produced them; and

**Fourth**: Any facts to which the parties' lawyers have agreed or stipulated or which I have directed you to find. A stipulation is an agreement between both sides that certain facts are true.

During the course of the trial, I occasionally may have asked questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are

at liberty to disregard all comments of the Court in arriving at your own findings on the facts.

There are two kinds of evidence—direct and circumstantial. Direct evidence is direct proof of a fact such as the testimony of a person who claims to have personal knowledge, such as an eyewitness. Circumstantial evidence, on the other hand, is proof of a chain of facts and circumstances from which you could find that another fact exists even though it has not been proved directly.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. Therefore, all of the evidence in the case, including circumstantial evidence, should be considered by you in arriving at your verdict. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case. You are allowed to make reasonable inferences, so long as they are based on the evidence.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of each witness, or by the manner in which each witness testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given. However, you should not be influenced by any person's race, color, religion, national ancestry, or sex.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's age, intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider each witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, including any interest, bias, or prejudice held by the witness; the manner in which each witness might be affected by your verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury

to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; innocent mis-recollection, like failure of recollection, is a common experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

You may consider statements given by a party before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give any witness's testimony.

With respect to other witnesses, the law is different. During the trial, attorneys for the parties questioned certain witnesses regarding prior statements or acts that those witnesses may have made. You may consider those prior inconsistent statements in reaching your verdict, but your consideration of those statements must differ based upon the situation in which they were offered. If a prior statement was given by a witness under oath before trial, then you may consider that prior statement for two

purposes: first, as evidence of the truth of what was said in the prior statement; and, second, as part of your decision on what weight to give the witness's testimony. On the other hand, if the witness did not make the prior statement under oath or acted in a manner that is inconsistent with the witness's testimony here in court, then you may consider that evidence only for the purpose of deciding whether the witness's testimony in court was true and what weight it should receive. Whenever considering a witness's prior statement or conduct, you should again consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

If you find that a witness's testimony conflicts with facts established by other evidence and that the testimony cannot be reconciled with those facts, then disregard the conflicting testimony. But, the testimony of a witness is overcome by other evidence only if that evidence establishes a conclusion contradicting such testimony beyond any reasonable ground for doubt.

Prepared Food Photos, Inc. designated Rebecca Jones as its corporate representative. You should consider Rebecca Jones's testimony as complete, knowledgeable, and binding on Prepared Food Photos, Inc. Similarly, Sharif Jaber testified in his capacity as the sole member of NOFAL, LLC doing business as Food Town Mart. You should consider Sharif Jaber's testimony as complete, knowledgeable, and binding on NOFAL, LLC doing business as Food Town Mart.

If, during your deliberations, you wish to have another opportunity to view an exhibit that was presented as evidence, you should send a written note to me through the bailiff, signed by your foreperson or by one or more members of the jury, and I will allow you to return to the courtroom

for another opportunity to view that exhibit. You are not required to view any exhibits a second time. You may rely, instead, on your recollections of these exhibits as you observed them at trial.

A demonstration of how a witness downloaded Prepared Food Photos, Inc.'s photograph from the Internet has been shown to you. This demonstration was used for convenience and to help explain the facts of the case. It is not itself evidence or proof of any facts.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your mind's belief a likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings in the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

You are instructed that it is entirely proper for an attorney to interview any witness in preparation for trial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

# P A R T  II

## The Law Applicable to Prepared Food Photo's Claims and Sharif Jaber and NOFAL, LLC doing business as Food Town Mart's Defense

The Court will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.

The plaintiff, Prepared Food Photos, Inc., has alleged that NOFAL, LLC doing business as Food Town Mart willfully infringed its copyright in a photograph of pork chops. It also alleges that Sharif Jaber vicariously infringed its copyright in the same photo by failing to stop NOFAL, LLC doing business as Food Town Mart from engaging in the alleged infringing activity.

You must decide the following four main issues:

1. Whether the defendant NOFAL, LLC doing business as Food Town Mart copied protected expression in the plaintiff Prepared Food Photos, Inc.'s copyrighted work, thereby infringing the plaintiff's copyright;

2. Whether the defendant Sharif Jaber is vicariously liable for the infringing acts, if any, of NOFAL, LLC doing business as Food Town Mart;

3. Whether the defendants' alleged copying of Prepared Food Photos, Inc.'s protected expression was fair use; and

4. If the defendants are found liable for copyright infringement, what damages Prepared Food Photos, Inc. is entitled to.

The Court will now instruct you on the law applicable to Prepared Food Photos, Inc.'s claims and Sharif Jaber and NOFAL, LLC doing business as Food Town Mart's defense. You must give separate consideration to each of the parties' claims and defenses in this case.

1.      **Direct Copyright Infringement**

Prepared Food Photos, Inc. claims that NOFAL, LLC doing business as Food Town Mart infringed its copyrighted material, namely, a photo of pork chops, by displaying the photograph on a Facebook page possibly in connection with NOFAL, LLC's business activities.

To succeed on this claim, Prepared Food Photos, Inc. must prove, by a preponderance of the evidence, each of the three following elements:

1.      The photograph is the subject of a valid copyright;

2.      Prepared Food Photos, Inc. owns the copyright in the photograph; and

3.      NOFAL, LLC doing business as Food Town Mart copied protected expression in Prepared Food Photos, Inc.'s copyrighted work.

The parties have stipulated that the photograph is the subject of a valid copyright and that Prepared Food Photos, Inc. owns the copyright in the photograph. You are therefore only required to decide the third element: whether NOFAL, LLC doing business as Food Town Mart copied protected expression in Prepared Food Photos, Inc.'s copyrighted work. I will explain what the terms "copy" and "protected expression" mean.

You may infer that NOFAL, LLC doing business as Food Town Mart copied Prepared Food Photos, Inc.'s work if the similarities between the two works can be explained only by copying, rather than by coincidence, independent creation, or the existence of a common source for both works.

"Protected expression" means expression in the plaintiff's work that was created independently, involving some creativity. Copyright law protects only original expression in the work. This includes the way that

facts or ideas are expressed in the work but it does not include the facts or ideas themselves.

Your determination as to the element of copying protected expression in copyrighted material, and therefore as to Prepared Food Photos, Inc.'s claim of copyright infringement against NOFAL, LLC doing business as Food Town Mart, should be indicated in response to Question No. 1 on the Special Verdict form.

If you find that Prepared Food Photos, Inc. has proved by a preponderance of the evidence that NOFAL, LLC doing business as Food Town Mart copied protected expression in Prepared Food Photos, Inc.'s copyrighted work, you must go on to consider NOFAL, LLC doing business as Food Town Mart's fair use defense.

On the other hand, if you find that Prepared Food Photos, Inc. has *not* proved by a preponderance of the evidence that NOFAL, LLC doing business as Food Town Mart copied protected expression in Prepared Food Photos, Inc.'s copyrighted work, then you must find that NOFAL, LLC did *not* infringe Prepared Food Photos, Inc.'s copyrighted material, and you will not consider any other question as to NOFAL, LLC doing business as Food Town Mart's fair use defense, Sharif Jaber's vicarious liability, or damages.

2.      **Fair Use**

NOFAL, LLC doing business as Food Town Mart contends that, even if it copied protected expression in Prepared Food Photos, Inc.'s copyrighted photo of pork chops, its copying is allowed under what the law calls "fair use."

To succeed on this defense, NOFAL, LLC doing business as Food Town Mart must prove, by a preponderance of the evidence, that it made

fair use of Prepared Food Photos, Inc.'s work for the purpose or purposes of criticism, parody, comment, news reporting, teaching, scholarship, or research.

In deciding this, you should consider the following:

- The purpose and character of NOFAL, LLC doing business as Food Town Mart's use, including whether NOFAL, LLC doing business as Food Town Mart's use is of a commercial nature or whether the use is for non-profit educational purposes;

- The degree of creativity in Prepared Food Photos, Inc.'s work;

- Whether Prepared Food Photos, Inc.'s work was published or unpublished;

- The amount of Prepared Food Photos, Inc.'s work that NOFAL, LLC doing business as Food Town Mart copied, and the significance of the portion copied in relation to Prepared Food Photos, Inc.'s work as a whole; and

- How NOFAL, LLC doing business as Food Town Mart's use affected the potential market for Prepared Food Photos, Inc.'s work.

It is up to you to decide how much weight to give each factor.

Your determination as to whether NOFAL, LLC doing business as Food Town Mart made fair use of Prepared Food Photos, Inc.'s work should be indicated in response to Question No. 2 on the Special Verdict form.

If you find that NOFAL, LLC doing business as Food Town Mart has not proved by a preponderance of the evidence that it made fair use of Prepared Food Photos, Inc.'s work, then you should go on to consider whether Sharif Jaber was vicariously liable for NOFAL, LLC doing business

as Food Town Mart's infringement of Prepared Food Photos, Inc.'s work, and damages.

On the other hand, if you find that NOFAL, LLC doing business as Food Town Mart has proved by a preponderance of the evidence that it made fair use of Prepared Food Photos, Inc.'s work, then you need not consider any other question as to Sharif Jaber's vicarious liability or damages.

**3.   Vicarious Copyright Infringement**

Prepared Food Photos, Inc. claims that Sharif Jaber is liable for NOFAL, LLC doing business as Food Town Mart's infringement of Prepared Food Photos, Inc.'s copyright in the subject photo. To succeed on this claim, Prepared Food Photos, Inc. must prove, by a preponderance of the evidence, the following elements:

1. NOFAL, LLC doing business as Food Town Mart infringed Prepared Food Photos, Inc.'s copyright, as defined in the instructions I have already given you;

2. Sharif Jaber profited from the infringement by NOFAL, LLC doing business as Food Town Mart; and

3. Sharif Jaber had the right and ability to stop or limit the infringement by NOFAL, LLC doing business as Food Town Mart but failed to do so.

Your determination as to whether Sharif Jaber is vicariously liable for NOFAL, LLC doing business as Food Town Mart's copyright infringement should be indicated in response to Question No. 3 on the Special Verdict form.

If you find that Sharif Jaber is vicariously liable for NOFAL, LLC doing business as Food Town Mart's copyright infringement, then you

Case 2:22-cv-00642-JPS    Filed 10/29/24    Page 15 of 23    Document 49

must go on to determine an appropriate amount of damages. If you find that NOFAL, LLC doing business as Food Town Mart is liable for copyright infringement *but* that Sharif Jaber is not vicariously liable for NOFAL, LLC doing business as Food Town Mart's copyright infringement, then you must still go on to determine an appropriate amount of damages.

**4.    Damages**

If you find that Prepared Food Photos, Inc. has proved that NOFAL, LLC doing business as Food Town Mart has infringed Prepared Food Photos, Inc.'s copyright, and/or that Sharif Jaber has vicariously infringed Prepared Food Photos, Inc.'s copyright, then you must determine the amount of damages, if any, that Prepared Food Photos is entitled to recover. If you find that Prepared Food Photos, Inc. has failed to prove infringement, or that NOFAL, LLC doing business as Food Town Mart made fair use of Prepared Food Photos, Inc.'s work, then you will not consider the question of damages.

Your determinations as to what damages Prepared Food Photos, Inc. is entitled to recover should be indicated in response to Question Nos. 4, 5, and 6 on the Special Verdict form.

Prepared Food Photos, Inc. must prove damages by a preponderance of the evidence. Prepared Food Photos may recover for any actual losses it suffered because of the infringement. Alternatively, Prepared Food Photos, Inc. may recover an amount called "statutory damages." I will define each of these terms.

**4.1    Actual Damages**

Actual losses from copyright infringement might include, for example:

- A decrease in the market value of Prepared Food Photos, Inc.'s copyrighted work caused by the infringement;

- Profits that Prepared Food Photos, Inc. proves that it would have made without the infringement. Profits are the revenue that Prepared Food Photos, Inc. would have made on sales he would have made without the infringement, less any additional expenses he would have incurred in making the sales;

- What a willing buyer would reasonably have paid Prepared Food Photos, Inc. to obtain a license to display its copyrighted work.

### 4.2    Statutory Damages

Alternatively, you may award as statutory damages an amount that you find fair under the circumstances. The amount must be between $750.00 and $30,000.00, or as further described below, may be adjusted depending on whether the infringement was intentional. In determining the appropriate amount to award, you may consider the following factors:

- The expenses that NOFAL, LLC doing business as Food Town Mart saved and the profits that it earned because of the infringement;

- The revenues that Prepared Food Photos, Inc. lost because of the infringement;

- The difficulty of proving Prepared Food Photos, Inc.'s actual damages;

- The circumstances of the infringement;

- Whether NOFAL, LLC doing business as Food Town Mart intentionally infringed Prepared Food Photos, Inc.'s copyright; and

- Deterrence of future infringement.

With respect to the factor of intentional infringement: if Prepared Food Photos, Inc. proves that NOFAL, LLC doing business as Food Town Mart willfully infringed Prepared Food Photos, Inc.'s copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000.00. Infringement is considered willful if Prepared Food Photos, Inc. proves that NOFAL, LLC doing business as Food Town Mart knew that its actions constituted infringement of Prepared Food Photos, Inc.'s copyright or acted with reckless disregard of Prepared Food Photos, Inc.'s copyright. On the other hand, if NOFAL, LLC doing business as Food Town Mart proves that it innocently infringed Prepared Food Photos, Inc.'s copyright, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200.00. Infringement is considered innocent if NOFAL, LLC doing business as Food Town Mart proves that it did not know, and had no reason to know, that its acts constituted infringement.

## P A R T III

## Deliberations

**MEMBERS OF THE JURY:**

This case will be submitted to you in the form of a Special Verdict consisting of six questions. A form for the Special Verdict has been prepared for your convenience.

**[Form of Special Verdict read]**

You will note that certain questions in the Special Verdict form are to be answered only if you have answered a previous question in a particular manner. Therefore, it is important that you read each question very carefully before you answer it. Do not needlessly answer questions.

The amount to be inserted by you in your answers to the damages questions is for you to determine from the evidence in the case. What the parties' lawyers ask for in their arguments is no criterion or measure of damages sustained. The opinion or conclusion of the parties' lawyers as to what damages should be awarded should not influence you unless it is sustained by the evidence. Examine the evidence carefully and dispassionately and determine your answers from the evidence in the case.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Nothing should be added to or subtracted from your answers to the damages questions because of sympathy or resentment, nor should you make any deductions because of a doubt in your mind as to the liability of any party.

The fact that I have instructed you on the matter of damages should not be considered as suggesting any view of the Court as to which party is entitled to your verdict in this case. Instructions on damages have been given solely for your guidance.

Your duty is to answer the questions in the Special Verdict form which, according to the evidence and my instructions, you are required to answer in order to arrive at a completed verdict. It then becomes my duty to direct judgment according to law and according to the facts as you have found them.

You are to answer the questions in the Special Verdict form solely upon the evidence received in this trial. You are to be guided by my instructions and your own sound judgment in considering the evidence in the case and in answering each question.

You must not concern yourselves about whether your answers will be favorable to one party or to the other, nor with what the final result of the lawsuit may be.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict as to each question you are required to answer in order to arrive at a completed verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe that it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely

Case 2:22-cv-00642-JPS    Filed 10/29/24    Page 20 of 23    Document 49

because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

Each of you should give fair and equal consideration to all of the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the parties proved their respective cases by the greater weight of the credible evidence, to a reasonable certainty.

## CLOSING ARGUMENTS

## CONCLUDING INSTRUCTIONS

Members of the jury, this case is ready to be formally submitted to you for your serious deliberation. You will consider the case fairly, honestly, impartially, and in light of reason and common sense. Give each question in the verdict your careful and conscientious consideration. In answering each question, free your minds of all feelings of sympathy, bias, or prejudice.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.

Nothing said in these instructions and nothing in the verdict form, prepared for your convenience, is meant to suggest or convey in any way or manner any suggestion as to what verdict the Court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility. Let your verdict speak the truth, whatever the truth may be.

Case 2:22-cv-00642-JPS    Filed 10/29/24    Page 21 of 23    Document 49

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court. If you do communicate with me, you should not indicate in your note what your numerical division is, if any. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question before you, until after you have reached a unanimous verdict.

Upon retiring to your jury room, your first duty will be to select one of your number as foreperson who will preside over your deliberations, complete the verdict form with the answers you have agreed upon, and serve as your spokesperson here in court. His or her vote, however, is entitled to no greater weight than the vote of any other juror.

During the course of your deliberations, you should assume the attitude of judges of the facts rather than that of partisans or advocates. Your highest contribution to the administration of justice is to ascertain the true facts in this case and return a verdict accordingly. When your deliberations are concluded, and your answers inserted in the verdict form,

the foreperson will sign and date the verdict and all of you will return with your verdict here in open court.

Case 2:22-cv-00642-JPS     Filed 10/29/24     Page 23 of 23     Document 49