UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

   Plaintiff,

v.                Case No.: 22-CV-642

NOFAL, LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

   Defendants.

### DEFENDANTS, NOFAL LLC d/b/a FOOD TOWN MART AND SHARIF JABER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL AND/OR TO AMEND THE JUDGMENT

NOW COME the defendants, Nofal, LLC and Sharif Jaber, by their attorneys, Terschan, Steinle, Hodan & Ganzer, Ltd., by W. Timothy Steinle, and hereby submits the following response in opposition to Plaintiff's Motion for a New Trial and/or to Amend the Judgment.

### INTRODUCTION

The Plaintiff, Prepared Food Photos, Inc. ("Prepared Food") sued the Defendants, Nofal, LLC, and Sharif Jaber, individually based on Copyright Infringement (Document 19). After a jury trial, the jury returned a verdict (Doc. 50) Plaintiff moved for a new trial and/or that the Court amend the judgment, pursuant to Fed. R. Civ. P. Rule 59(a) and (e). Plaintiff's motion should be denied for the reasons stated below.

## BACKGROUND

These defendants do not materially dispute the facts as presented by the plaintiff in its brief but hereby submit additional facts which these defendants believe are relevant to this instant motion. These additional facts include:

1. Nofal, LLC purchased Villard Food Town in November 2017. (Doc. 36-2, 11:13 – 11:16)

2. Sharif Jaber as the registered agent of Nofal, LLC changed the d/b/a of Villard Food Town to Food Town Mart. (Doc. 36-2, 7:24-8:3)

3. There is a Facebook page with an account Villard Food Town with a registration date of September 12, 2010 and a user identified at Nofal Hamad. (Doc. 36-5)

4. The same Metaforms Business Record for villardfoodtown has a registration date of June 12, 2013 with the user identified as Amjad Hamad. (Doc. 36-5)

5. At the time of the posting to the villardfoodtown Facebook page, Amjad Hamad controlled the content to the Facebook page. (Doc. 36-3, 22:11 - 22:13)

6. Sharif Jaber, the registered agent for Nofal LLC never gave instruction to Amjad Hamad on how to post material to the Facebook page. (Doc. 36-3, 25:14 – 23:17)

7. Sharif Jaber as the registered agent for Nofal LLC did not inform Amjad Hamad to post the registered photo to the Facebook page but, rather, Amjad Hamad, put it there himself. (Doc. 36-3, 45:18 – 45:23)

8. Amjad Hamad never showed Sharif Jaber, the registered agent for Nofal LLC the Facebook page with the posted registered work. (Doc. 36-3, 45:24 – 46:2)

9. Sharif Jaber, as the registered agent for Nofal LLC, never received any notice of any potential Copyright violation from the plaintiff prior to receiving a copy of the Summons and Complaint. (Doc. 36-2, 15:14 – 15:16)

10. On January 9, 2024 the plaintiff filed a Motion for Summary Judgment (Doc. 36).

11. Attached to the Motion for Summary Judgment was a Declaration of the plaintiff's witness, Rebecca Jones, under oath. (Doc. 36-1)

12. Rebecca Jones was cross-examined at the time of the trial and was confronted with inconsistencies in her sworn testimony and in her sworn declaration.

## **ARGUMENT**

**I.     THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND THE JUDGMENT.**

    **A.     Legal Standard.**

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used on "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (ND. Ill. 1982), *aff'd.* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

**B. The Jury's Award is Not a Manifest Error of Law.**

The plaintiff asserts that the *only* witness who testified concerning *any* actual damages was Rebecca Jones and they continue to argue that the jury was *not* free to discard that testimony. They argue that by doing so resulted in a manifest injustice.

This jury was instructed that contrary to the plaintiff's position, they were entitled to give the testimony of Ms. Jones concerning the subscriber fee as much weight as they feel it deserved, but they were also instructed that they were entitled to reject her testimony in its entirety:

> A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. (Doc. 49 p. 8)

On cross-examination of Ms. Jones, she did testify that this one (1) photograph was taken by her company in 1997, that there was a 20-year gap between when the photograph was taken and when it was copywritten, and that there was an approximate three (3) year gap between the date of the copyright and the date of use on the Facebook page of the defendant. She was further cross-examined and admitted the fact that this was one (1) photograph out of a library of 18,000 (.005% of the library).

The jury was also further instructed on the issue of actual damages. They were instructed that the jury may consider in awarding actual damages:

1. A reduction in the market value;

2. Profits it would have made without infringement; or

3. Would a willing buyer have reasonably paid to obtain a license.

4

Contrary to plaintiff's position, the fact that she testified that their license fee for a library was $999.00 per month is not conclusive proof of this element. Reliance upon *Prepared Food Photos, Inc., f/k/a Adlife Marketing and Communications Co., Inc. v. Patriot Fine Foods, LLC*, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649, at *10 (S.D. Fla. Mar. 22, 2022) is not dispositive. The court did find this testimony to be "a useful proxy", but not dispositive.

Additionally, damage awards from other cases carry little weight in determining the reasonableness of a jury's verdict. The Seventh Circuit disfavors relying upon comparing other damage awards. *Adams v. City of Chicago*, 798 F.3d 539, 545 (7th Cir. 2015). Thus, the plaintiff's string citation of other cases with damages awards is not controlling.

Plaintiff's reliance upon *Prepared Food Photos, Inc. v. New Kianis Pizza & Subs, Inc.*, No. 1:23-CV-926-JRR, 2024 U.S. Dist. LEXIS 52023 (D. Md. Mar. 25, 2024) is also misplaced. The District Court of Maryland was addressing the issue of statutory damages, not actual damages. In this particular case, the issue of statutory damages was presented to the jury on the special verdict and the jury was instructed accordingly. The plaintiff made these identical arguments on closing argument to the jury. The jury chose not to find willful infringement so the amounts in determining and punishing are not present in this particular case. The plaintiff elected actual damages. This case is completely distinguishable.

Thus, the jury's award of $200.00 in actual damages is not a manifest injustice. There is a basis in the record for the jury to disregard the testimony of Ms. Jones and there is evidence in the record to support the jury's verdict of $200.00 in actual damages.

### C. The Jury's Verdict Finding No Vicarious Infringement Was Appropriate.

The plaintiff correctly cites to *Bell v. Chi. Cubs Baseball Club, LLC*, No. 19-CV-2386, 2020 U.S. Dist. LEXIS 17527, at *15-16 (N.D. Ill. Feb. 4, 2020) that held "for purposes of a

5

vicarious copyright infringement claim, a financial benefit exists were there is evidence of a direct financial gain or at the availability of infringing material acts as a draw for customers." In this particular case, the plaintiff failed in its burden of proof to prove that there was a direct financial gain by the use of one photograph of raw pork chops for a one week sale on a Facebook page. The argument that Food Town sold pork chops every week does not lead to the conclusion that there was a "direct financial gain" by the use of the photograph. In other words, the sale of pork chops does not lead to the conclusion that there is a "financial benefit" to Food Town Mart in this particular case.

Likewise, the plaintiff also had the burden of proving that the use of the one photograph of raw pork chops acted as a draw for customers. Once again, they must establish a causal nexus that the use of the pork chop photograph drew customers to Food Town Mart, and that is, caused plaintiff damage. A factfinder may not award damages on the mere basis of conjecture or speculation. *Entertainment USA, Inc., v. Moorehead Communications, Inc.*, 897 F.3d 786, 793, 2018 U.S. App. LEXIS 20794 (outside citation omitted). The jury's verdict to Question No. 3 of the Special Verdict was the correct answer to the question of vicarious liability. The answer is not against the great weight of the evidence and does not result in manifest injustice.

## II. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR A NEW TRIAL.

### A. Legal Standard.

A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). Challengers bear a particularly heavy burden because a court will set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict. *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 444 (7th Cir. 2009)

(quoting *Moore ex. rel. Estate of Grady v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008)). Furthermore, the reviewing court must view the evidence in the light most favorable to the prevailing party, leaving issues of credibility and weight of evidence to the jury. *Id.* at 444-45. Even if a judge's decision is found to be erroneous, it may be deemed harmless if the records indicates the trial result would have been the same – that is, an evidentiary error only meets this standard if there is a significant chance that the ruling affected the outcome of the trial. *Domantas v. Menard, Inc.*, 2024 U.S. Dist. LEXIS 193460 at 7 (outside citation omitted).

### B. The Verdict Was Not Contrary to the Manifest Weight of the Evidence and Therefore, Plaintiff is Not Entitled to a New Trial.

These defendants have a difficult time understanding the argument of the plaintiff that they are entitled to a new trial. The plaintiff argues that they were "severely prejudiced" by the exclusion of evidence of other photographs on the Facebook page. These other photographs were not the subject of this instant litigation. These photographs were not alleged to be copyrighted photographs. They then argue that excluding testimony concerning these additional photographs somehow effected the statutory damage award.

The reason the defendants have difficulty understanding the plaintiff's argument is because at the trial of this matter the plaintiff did present testimony from Rebecca Jones that she felt that by use of the photograph the defendant should be punished much like a shoplifter. In addition to the testimony from Rebecca Jones, the jury was instructed on the issue of statutory damages in the jury instructions. They were also presented with the question or whether or not statutory damages were appropriate and the jury awarded $1,000.00 in statutory damages! In other words, the plaintiff did prevail on the issue of statutory damages and now is trying to argue that precluding collateral and irrelevant evidence somehow effected the jury's verdict which warrants a new trial. It is also significant that as to Question No. 6 on the Special Verdict, the jury answered "No" to

7

the question of whether or not the infringement was willful. The jury's award of $1,000.00 in statutory damages in light of the finding of no willful conduct is completely consistent. The plaintiff has presented no evidence that the Court's evidentiary rulings would give use to a "significant chance of the amount the jury awarded for damages would have been greater if this testimony were allowed." The jury's verdict in this case is not only ***not*** against the manifest weight of the evidence, but it is completely consistent with the testimony that was elicited.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied in its entirety and the Judgment should stand.

Dated at Milwaukee, Wisconsin this 4th day of December, 2024.

        TERSCHAN, STEINLE, HODAN & GANZER, LTD.
        Attorneys for the Defendants, Nofal LLC d/b/a
        Food Town Mart and Sharif Jaber

        *Electronically signed by W. Timothy Steinle*
        W. Timothy Steinle
        State Bar No.: 1003777

P.O. ADDRESS:
309 North Water Street, Suite 215
Milwaukee, WI 53202
T: (414) 258-1010
F: (414) 258-8080
timothy.steinle@tshglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4th, 2024, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The ECF system will send notification of the filing to all attorneys of record.