IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

     Defendants.

_____

## **INTRODUCTION**

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") is the prevailing party in this action. Following a jury trial, Plaintiff received a verdict in its favor on its claim for copyright infringement against defendant Nofal LLC d/b/a Food Town Mart ("Nofal LLC"). Pursuant to the Copyright Act, the Court "may" award attorneys' fees to the prevailing party (Plaintiff) if the relevant factors support such an award. As set forth herein, attorneys' fees should be granted.

## **BACKGROUND**

### *A.    Events Leading to Lawsuit / Nofal LLC and Mr. Jaber as Defendants*

1.    As the Court knows, this lawsuit concerns Nofal LLC's unauthorized display of a copyrighted photograph (the "Work") on Nofal LLC's alleged Facebook page.

2.    Nofal LLC owns and operates a full-line grocery store located at 3217 W. Villard

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Avenue, Milwaukee, WI 53209 under the trade name "Food Town Mart" and/or "Foodtown Mart.[1]

3.      Defendant Sharif Jaber ("Mr. Jaber") is the manager, sole member, and person with exclusive control over the business activities of Nofal LLC.[2]

4.      On November 22, 2021, Plaintiff (through counsel) sent a pre-suit letter to "Villard Foodtown, LLC" (the entity Plaintiff believed at the time to own the grocery store) with respect to the alleged infringement of the Work.[3]

5.      On January 20, 2021, Plaintiff's counsel spoke telephonically with Mr. Jaber who denied that his store ever used the Work and further denied that his grocery store had any affiliation with/control over the Facebook page at issue.[4]

6.      After the original Complaint was filed, Plaintiff's counsel interacted with an attorney for Villard Foodtown, LLC (which was determined to be the property owner rather than operator of the grocery store) which led to Plaintiff amending the Complaint to name Mr. Jaber (individually) as the defendant.[5]

7.      After Mr. Jaber avoided service for several months (leading to Plaintiff seeking and receiving leave to serve him by publication), Plaintiff's counsel received a call from Timothy Steinle, Esq. (Defendants' counsel throughout this lawsuit) who informed that Nofal LLC was the

---

[1]    See Deposition Transcript of Sharif Jaber, dated September 26, 2023 (the "Jaber Tr."), a true and correct copy of which is attached hereto as Exhibit "A," at 7:22 – 8:21.

[2]    Id. at 8:4 – 8:18; 17:4 – 17:20.

[3]    See Declaration of Daniel DeSouza, Esq., dated April 21, 2025 (the "DeSouza Decl."), a true and correct copy of which is attached hereto as Exhibit "B," at ¶ 3.

[4]    Id. at ¶ 4.

[5]    Id. at ¶¶ 6 – 8.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

actual owner of the grocery store.[6]  Plaintiff then filed its Second Amended Complaint [D.E. 19] (the governing pleading) on February 7, 2023.

### B.    Nofal LLC Denies Infringement in its Answer

8.    The Second Amended Complaint contains multiple allegations with respect to Nofal LLC's alleged unauthorized display of the Work.  As set forth below, Nofal LLC denied each of these allegations in its Answer [D.E. 21] to the Second Amended Complaint:

> 18.    On September 28, 2020 (after Plaintiff's above-referenced copyright registration of the Work), NOFAL LLC published the Work on its business Facebook page (at https://www.facebook.com/villardfoodtown/photos/pcb.2818903505099367/2818895218433529 /https://iliria-foods.business.site/ - testimonials) in connection with the marketing of its business;

> 18.    These answering defendants deny the allegations contained within paragraph 18 of the plaintiff's Second Amended Complaint.

> 29.    NOFAL LLC reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

> 29.    These answering defendants deny the allegations contained within paragraph 29 of the plaintiff's Second Amended Complaint.

---

[6]    Id. at ¶¶ 9 – 10.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

30.     By his actions, NOFAL LLC infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30.     These answering defendants deny the allegations contained within paragraph 30 of the plaintiff's Second Amended Complaint.

9.      Nofal LLC did not move to amend its Answer throughout the entirety of this lawsuit.

### C.     *Nofal LLC Continues to Deny Infringement in Discovery*

10.     Given Nofal LLC's denials with respect to both the Facebook page and the infringement thereon, Plaintiff served written discovery (requests for production, interrogatories, and requests for admissions) on Nofal LLC on June 28, 2023.[7]

11.     Importantly, each of the foregoing discovery requests contains the defined term "Facebook Page" meaning "the Facebook page located at https://www.facebook.com/villardfoodtown."

12.     On or about August 17, 2023, Nofal LLC served its responses to Plaintiff's discovery requests.[8]

13.     As with its Answer to the Second Amended Complaint, Nofal LLC's responses to

---

[7]     A true and correct copy of Plaintiff's First Set of Interrogatories to Nofal LLC is attached hereto as Exhibit "C." A true and correct copy of Plaintiff's First Request for Admissions to Nofal LLC is attached hereto as Exhibit "D."

[8]     A true and correct copy of Nofal LLC's responses to Plaintiff's First Set of Interrogatories is attached hereto as Exhibit "E." A true and correct copy of Nofal LLC's responses to Plaintiff's First Request for Admissions is attached hereto as Exhibit "F."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

the First Set of Interrogatories (which are notarized and signed by Mr. Jaber) deny any use of the Work and further deny any affiliation with the Facebook page:

> 2.    Identify each and every commercial use of the Work by you and, if such use involves publishing or displaying the Work on the Website, the Facebook Page, and/or any other social media page controlled by you, identify each sub-page thereof on which the Work was published and/or displayed.
>
> ANSWER NO. 2: NOFAL LLC did not use the Work commercially on any social media page.
>
> 3.    Identify all websites and/or social media pages controlled by you (including any websites and/or social media pages you have disabled, discontinued, and/or removed from public view).
>
> ANSWER NO. 3: Food Town Mart and/or NOFAL LLC has never had a website and has never had any social media pages.

14.    Nofal LLC's responses to the First Request for Admissions likewise denies the same matters:

> 8.    Admit that the Facebook Page is controlled by NOFAL LLC.
>
> Response 8: Deny that the Villard Foodtown Facebook page is controlled by NOFAL LLC.
>
> 9.    Admit that, as of September 28, 2020, the Work was displayed on NOFAL LLC's Facebook Page.
>
> Response 9: Deny that the Work was displayed on NOFAL LLC's Facebook page.
>
> 10.    Admit that NOFAL LLC caused the Work to be displayed on its Facebook Page.
>
> Response 10: Deny that NOFAL LLC caused the Work to be displayed on Villard Foodtown's Facebook page.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

12.     Admit that NOFAL LLC published and/or displayed the Work on the Facebook Page.

Response 12: Deny that NOFAL LLC published and/or displayed The Work on Villard Foodtown's Facebook page.

15.     Admit that the Facebook Page is utilized to market and/or advertise NOFAL LLC's business.

Response 15: Deny that the Villard Foodtown Facebook page is utilized to market and/or advertise NOFAL LLC's business.

16.     Admit that the Work was displayed on the Facebook Page in connection with NOFAL LLC's efforts to market its business.

Response 16: Deny that the Work was displayed on Villard Foodtown's Facebook page in connection with NOFAL LLC's efforts to market its business.

15.     Given Nofal LLC's continued refusal to acknowledge the Facebook page and/or its infringement, Plaintiff on August 21, 2023 served a Notice of Taking Deposition of the Corporate Representative of Nofal LLC d/b/a Food Town Mart (the "30(b)(6) Notice").[9]

16.     As the Court knows, a corporate party "has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects" identified in a Rule 30(b)(6) notice. Seaga Mfg. Inc. v. Intermatic Mfg. Ltd., No. 13-cv-50041, 2013 U.S. Dist. LEXIS 97903, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013); see also Smithkline Beecham Corp. v. Apotex Corp., No. 98-cv-3952, 2000 U.S. Dist. LEXIS 667, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000) ("Rule 30(b)(6) imposes

---

[9]     A true and correct copy of the 30(b)(6) Notice of attached hereto as Exhibit "G."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

a duty upon the named business entity to prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know.").

17.    Thus, whether Nofal LLC's designee had personal knowledge about the matters identified in the 30(b)(6) Notice, it was required to adequately prepare and seek relevant information from others.

18.    The bulk of the topics identified in the 30(b)(6) Notice pertain directly to the Facebook page and the circumstances by which the Work came to be displayed thereon.  For example, the following topics are all included in the 30(b)(6) Notice:

1.    The identity of the person purportedly responsible for uploading the Work to the Facebook Page and/or Website.

2.    The relationship (if any) between Defendants and the person purportedly responsible for uploading the Work to the Facebook Page and/or the Website.

7.    The factual circumstances by which the Work came to be published on the Facebook Page and/or the Website.

19.    On September 26, 2023, Mr. Jaber appeared for deposition as the Rule 30(b)(6) designee of Nofal LLC on *all* topics identified in the 30(b)(6) Notice.[10]

20.    Despite being the owner of Nofal LLC since 2017,[11] Mr. Jaber repeatedly testified

---

[10]    See Jaber Tr., at 8:25 – 9:20.

[11]    Id. at 11:8 – 11:10.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

in his deposition that Nofal LLC/Food Town Mart ***does not*** have a Facebook page, that the Facebook Page is ***not*** controlled by Nofal LLC, that the photographs thereon depicting the store were apparently some other location he was not familiar with, and that the assortment of products displayed thereon (such as hookahs and speakers) were ***never*** sold in the store.[12] Mr. Jaber testified that he is at the Food Town Mart store at least 5 days per week consistently since 2017 and knows what is happening at and inside the store.[13]

21.     Mr. Jaber's testimony was, to put it mildly, far-fetched.  Despite being shown dozens (if not hundreds) of photographs/videos on the Facebook page depicting the inside of his store and/or products purportedly being sold therein,[14] Mr. Jaber maintained not only that the Facebook page was not for his store but that the shelving, signs, etc. depicting the inside of the store were unequivocally some other store and not his.  He denied selling hookahs, speakers, etc. – all of which were prominently displayed on the Facebook page as being sold at the Food Town Mart store.

22.     Mr. Jaber's testimony was so absurd that, almost immediately after the deposition on September 26, 2023, Plaintiff's counsel called Mr. Steinle (Defendants' counsel) to raise what appeared to be hours of perjury by Mr. Jaber.  In response, Mr. Steinle stated (with such quote being memorialized in undersigned counsel's case management software immediately following

---

[12]     Id. at 14:19 – 14:21; 15:1 – 15:2; 19:20 – 19:25; 22:20 – 23:4; 25:24 – 26:19; 30:14 – 31:2; 31:18 – 31:22; 31:23 – 32:8; 32:21 – 32:3; 33:22 – 34:7; 34:19 – 34:25.

[13]     Id. at 45:21 – 46:7.

[14]     A true and correct copy of a screenshot of the 'photos' tab of the Nofal LLC Facebook page (available at https://www.facebook.com/villardfoodtown/photos_by) is attached as Exhibit H hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the call): "Dan, I'm an old fuck. And even I knew what was happening with his answers."[15]

       23.     On December 18, 2023, Plaintiff took the deposition of Amjad Hamed (Mr. Jaber's son), who was identified in response to a subpoena to Meta Platforms, Inc. (Facebook) for production of documents identifying the subscriber information/owner of the Facebook Page.[16]

       24.     At the time, Mr. Hamed lived with his parents, one of which is Mr. Jaber.[17]  Mr. Hamed had worked for Food Town Mart for the last 3 years.[18]  He was employed as Food Town Mart's "floor manager," meaning that he was in charge of ordering, in charge of opening the store, closing the store, and making sure everything is in order.[19]

       25.     Contrary to his father's testimony, Mr. Hamed testified that Food Town Mart ***does*** have a Facebook page and that he is the person in charge thereof, with his brother (Nofal) running the Facebook Page prior to Mr. Hamed taking over.[20]  Mr. Hamed testified that he was the person who created the subject September 28, 2020 posting on the Facebook Page which utilized the Work to advertise the sale of pork chops.[21]

       26.     Mr. Hamed testified (contrary to Mr. Jaber's testimony) that Food Town Mart does sell hookahs and that the photographs of such on the Facebook Page were hookahs being sold in

---

[15]      See DeSouza Decl., at ¶¶ 12 – 13.

[16]      A true and correct copy of the deposition transcript of Amjad Hamed, dated December 18, 2023 (the "Hamed Tr.") is attached hereto as Exhibit "I."

[17]      See Hamed Tr., at 6:13 – 6:14.

[18]      Id. at 7:22 – 8:11.

[19]      Id. at 9:24 – 10:4.

[20]      Id. at 10:23 – 11:23; 15:1 – 15:16; 19:10 – 19:20.

[21]      Id. at 21: 19 – 22:21.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the store.[22]  Mr. Hamed likewise testified that (again contrary to Mr. Jaber's testimony) that Food Town Mart does sell speakers and that the photographs of such on the Facebook Page were speakers being sold in the store.[23]  He likewise testified (again contrary to Mr. Jaber's testimony) that the signs/shelves depicted in the photographs/videos on the Facebook page were from within the Food Town Mart store.[24]  Indeed, Mr. Hamed confirmed that ***all*** of the postings on the Facebook Page depict or relate to items for sale at the Food Town Mart store or were otherwise promoting the store.[25]

27.    Perhaps most interestingly, Mr. Hamed testified that Mr. Jaber was aware that Mr. Hamed was running Food Town Mart's Facebook Page:

> Q. Was your father aware that you were running the Facebook account for the store?
> A. Yes, sir.[26]

28.    As indicated by the Hamed Tr., Mr. Steinle (Defendants' counsel) attended the deposition on behalf of Defendants.

29.    Despite Mr. Hamed's testimony/admissions, Nofal LLC never amended the denials in its Answer and never amended its responses to the First Set of Interrogatories/First Request for Admissions.[27]

---

[22]    Id. at 31:19 – 32:8; 34:2 – 34:13; 36:23 – 38:1; 38:4 – 38:18.

[23]    Id. at 41:16 – 42:4.

[24]    Id. at 37:20 – 38:1.

[25]    Id. at 42:19 – 45:4.

[26]    Id. at 45:18 – 45:20.

[27]    See DeSouza Decl., at ¶ 14.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

30.     Nor did Nofal LLC, at any time pre-suit or during the course of this lawsuit, ever offer $.01 to resolve the alleged infringement at issue herein.  Although Plaintiff made several settlement demands throughout the lawsuit, Mr. Steinle was never given authority by Nofal LLC to make any offer to resolve this matter.[28]

## ARGUMENT

### I.      Legal Standard

#### A.      *Fees Under the Copyright Act*

The Copyright Act explicitly provides that the Court may award "reasonable attorneys' fees" to the prevailing party.  17 U.S.C. § 505.  A prevailing party is one who has "succeed[ed] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir. 1978)).  "The Supreme Court has held that a prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such award unjust.'"  WB Music Corp. v. Royce Int'l Broad. Corp., 2018 U.S. Dist. LEXIS 227743, at *4 (C.D. Cal. July 9, 2018) (citing Hensley, 461 U.S. at 429).

"Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective reasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence."  Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc., 77 F.4th 630, 631 (7th Cir. 2023) (citing Fogerty

---

[28]     Id. at ¶ 15.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

*v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  The Seventh Circuit has explained that this list

of factors is not exclusive, nor is any one factor determinative.  See *Timothy B. O'Brien LLC v.*

*Knott*, 962 F.3d 348, 350-51 (7th Cir. 2020).  Rather, what matters is that the court be "sensitive

to the facts before it," and the court may "consider any factor that advances the Copyright Act's

purposes," as long as it applies those factors equally to plaintiffs and defendants alike.  See *Live*

*Face on Web, LLC*, 77 F.4th at 631.

### B.  *Fees Under Fed. R. Civ. P. 37(c)(2)*

Fed. R. Civ. P. 37(c)(2) provides that:

> If a party fails to admit what is requested under Rule 36 and if the
> requesting party later proves… the matter true, the requesting party
> may move that the party who failed to admit pay the reasonable
> expenses, including attorney's fees, incurred in making that proof.
> The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that
> it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

"If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule

26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including

reasonable attorney fees, in making that proof."  *Climco Coils Co. v. Siemens Energy &*

*Automation, Inc.*, No. 04 C 50342, 2006 U.S. Dist. LEXIS 19796, at *5 (N.D. Ill. Mar. 28, 2006).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## II. Plaintiff Should Recover Its Attorneys' Fees Under the Copyright Act

### A. *Plaintiff Prevailed on its Infringement Claim*

As a threshold issue, there is no question that Plaintiff prevailed on its infringement claim against Nofal LLC. Following a trial, the jury determined that Nofal LLC infringed upon the copyrighted material of Plaintiff, and awarded either $200.00 in actual damages or $1,000.00 in statutory damages (for which Plaintiff elected actual damages as it intended to pursue a motion for new trial). Although Plaintiff did not receive the damages award it intended, this was a total victory whereby Plaintiff succeeded on its claim against Nofal LLC and succeeded on Nofal LLC's affirmative defenses. See, e.g., Glacier Films (USA), Inc. v. Turchin, 896 F.3d 1033, 1038 (9th Cir. 2018) (holding that plaintiff achieved "total success," and that plaintiff's "complete victory" should have weighed in favor of granting fees). "Actual success in an infringement action involves establishing the defendant's liability." Id. at 1038 – 1039 (holding that $750.00 award to plaintiff was not relevant to whether plaintiff was entitled to fees as plaintiff unquestionably prevailed on liability under the Copyright Act); see also Stross v. NextLuxuryDotCom LLC, No. 2:21-cv-01181-JVS (AFMx), 2022 U.S. Dist. LEXIS 40271, at *8 (C.D. Cal. Feb. 3, 2022) ("[H]is suit against Cornwell was a success because the Court found that Cornwell infringed Stross's copyright. This amounts to 'actual success' in an infringement action."); Harrington v. Dugar, No. 2:22-cv-08230-HDV-E, 2024 U.S. Dist. LEXIS 155470, at *4-5 (C.D. Cal. Aug. 27, 2024) ("Defendant contends that Plaintiff obtained a limited degree of success because the jury did not find that Defendant's conduct was willful and because the damages award was lower than Plaintiff's prior requests. Nevertheless, Plaintiff established Defendant's liability and succeeded

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

in obtaining a jury award in her favor.  This factor favors awarding fees.") (internal citations omitted).

### B. *Frivolity/Motivations/Objective Reasonableness*

The Supreme Court has unanimously endorsed "giving substantial weight to the objective (un)reasonableness of a losing party's litigating position." Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 205–08 (2016).  Doing so "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." Id. at 205.  This approach promotes the Copyright Act's purposes because it recognizes that "[t]he holder of a copyright that has obviously been infringed has good reason to bring and maintain a suit" and "the infringer with no reasonable defense has every reason to give in quickly, before each side's litigation costs mount." Id.

Here, an award of attorneys' fees is warranted where Nofal LLC forced this case to trial by taking wholly indefensible positions over and over and refused to accept its liability for infringement through trial.  This ***should not*** have been a difficult case – there was no question that the Facebook page at issue contained dozens of photographs/videos from inside Nofal LLC's store, dozens of weekly ads, etc.  There was likewise no question that Nofal LLC did not have a license to display the Work on the Facebook page or otherwise.  That Mr. Jaber (the owner of Nofal LLC) purportedly failed to conduct ***any*** inquiry – reasonable or not – as to whether the Facebook page was being run by his adult children (themselves managers of the store) or any of his other handful of employees, is what led to this action being litigated until trial when Mr. Jaber finally admitted (2+ years later) that the Facebook page belonged to Nofal LLC. As the Court knows, "Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

contentions in a pleading or motion." <u>White v. Brenner</u>, No. 6:10-cv-134-Orl-28GJK, 2010 U.S. Dist. LEXIS 139294, at *5 (M.D. Fla. Dec. 15, 2010)

As set forth herein, Nofal LLC failed to conduct any inquiry into the facts – whether at the pleading stage, in responding to Plaintiff's discovery requests, or in preparing for its Rule 30(b)(6) deposition at which it *repeatedly* testified that the photographs/videos displayed on the Facebook page were not Nofal LLC's store (notwithstanding that Mr. Jaber works there 5 – 7 days a week, 8 hours/day). Throughout this lawsuit, Plaintiff provided Nofal LLC with every opportunity to simply admit that the Facebook page belonged to Nofal LLC and therefore admit infringement. Nofal LLC failed to do so at every turn. Even after Mr. Jaber's son (Amjad Hamed) unequivocally admitted Nofal LLC's ownership of the Facebook page, Nofal LLC *never* amended its pleading, interrogatory responses, or responses to Plaintiff's requests for admissions – *all* of which denied Nofal's ownership of the Facebook page and/or display of the Work thereon. Nofal LLC forced Plaintiff to proceed to trial to prove its claim and, only then, Mr. Jaber casually testified that yes, the Facebook page belonged to Nofal LLC.

Nofal LLC had every opportunity to simply admit to its infringement and submit the matter to the Court/jury for a determination of damages. Rather than do so, Nofal LLC concocted a story that it never had any factual or legal support for and which necessitated extensive amounts of discovery/expense to disprove. This factor *strongly* supports an award of fees. <u>See, e.g.</u>, <u>Werner v. Evolve Media, LLC</u>, No. 2:18-cv-7188-VAP-SKx, 2020 U.S. Dist. LEXIS 126587, at *5 (C.D. Cal. June 22, 2020) (finding defendants' litigation positions to be unreasonable where they advanced defenses that were without factual or legal basis); <u>WB Music Corp.</u>, 2018 U.S. Dist. LEXIS 227743, at *8 (holding a litigant objectively unreasonable where it continues to pursue a

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

claim when it "knew or should have known that the chance of success was slim to none"); <u>Alchemist Evolution, LLC v. Smash, Inc.</u>, 2011 U.S. Dist. LEXIS 168346, at *3 (C.D. Cal. Mar. 1, 2011) (holding defendant acted unreasonably where it dragged out litigation by asserting meritless defenses).

Nor can the Court question Plaintiff's motivation in both bringing this lawsuit and proceeding to verdict. As the owner of the copyrighted work, Plaintiff had every right under the Copyright Act to bring an infringement action against an entity (Nofal LLC) that refused to acknowledge its infringement or even engage with Plaintiff pre-suit. <u>See, e.g.</u>, <u>Sadowski v. Shivley</u>, 2019 U.S. Dist. LEXIS 208871, at *2 (D. Or. Dec. 4, 2019) ("Plaintiff is a professional photographer and the case was motivated, at least in part, by the need to protect his livelihood."); <u>Star Fabrics, Inc. v. Millenium Clothing, Inc.</u>, 2015 U.S. Dist. LEXIS 182206, at *7–8 (C.D. Cal. Mar. 31, 2015) (fees warranted where there was no indication that the suit was brought maliciously, and plaintiff attempted to settle the case but defendant remained stubborn).

### C.      *The Need for Compensation and Deterrence*

"[C]ourts have viewed 'compensation and deterrence' as recognizing 'parties that must defend themselves against meritless claims' should be compensated while 'non-meritorious lawsuits' should be deterred." <u>Great Am. Duck Races Inc. v. Kangaroo Mfg.</u>, No. CV-17-00212-PHX-ROS, 2019 U.S. Dist. LEXIS 202145, at *9 (D. Ariz. Nov. 21, 2019) (quoting <u>Perfect 10, Inc. v. Giganews, Inc.</u>, No. CV 11-07098-AB SHX, 2015 U.S. Dist. LEXIS 53681, 2015 WL 1746484, at *12 (C.D. Cal. Mar. 24, 2015)).

Here, Nofal LLC's denials of liability/denials that it owned the Facebook page were meritless. Although Nofal LLC should have recognized this from the get-go, Plaintiff was forced

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

to bring this matter all the way to trial before it suddenly (and without warning) changed course and admitted its ownership of the Facebook page/display of the Work thereon. Here, an award of fees is needed to both encourage copyright owners to bring legitimate actions to enforce their rights (as no copyright owner would risk 2+ years of litigation for a $200.00 or $1,000.00 award) and to deter defendants (such as Nofal LLC) from continuing to proffer reckless assertions/defenses throughout a lawsuit/delaying proceedings.

> ### D. Awarding Plaintiff Fees Would Promote the Appropriate Enforcement of Rights by Copyright Holders

"Fee awards under § 505 should encourage the types of lawsuits that promote" the purposes of the Copyright Act. Kirtsaeng, 579 U.S. at 204. Plaintiff's enforcement efforts served a critical purpose of 17 U.S.C. § 505, which is to encourage copyright owners to enforce their rights. See, e.g., Lanard Toys Ltd. v. Dimple Child. LLC, 2020 U.S. Dist. LEXIS 128018, at *5 (C.D. Cal. May 4, 2020) (courts should remain "faithful to the purposes of the Copyright Act," which was intended to "discourage infringement and enrich the public through access to creative works."); Glacier Films (USA), Inc., 896 F.3d at 1041 ("Inherent in the Act's purpose is that 'a copyright holder has always had the legal authority to bring a traditional infringement suit against one who wrongfully copies.'") (quoting MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 963 (2005)).

The "primary objective of the Copyright Act is to encourage the production of original literary, artistic, and music expression for the good of the public." Fogerty v. Fantasy, Inc., 510 U.S. 517, 524 (1994). That incentive is whittled away when parties such as Nofal LLC can drag out a lawsuit for years without being held accountable for their actions. If the Court does not award fees here, parties such as Plaintiff will be discouraged from pursuing legitimate claims when faced with an antagonistic infringer that makes wild/unsupported denials. The damages award in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

this case pales in comparison to the amount of fees and costs that were incurred on Plaintiff's behalf in rebuffing Nofal LLC's denials. No plaintiff would invest the time and resources necessary to take a case to trial when the damages award is several factors less than the fees necessary to secure a favorable verdict.

### III. Plaintiff Should Recover its Attorneys' Fees for Nofal LLC's Failure to Admit

Even if the Court was not inclined to award fees under the Copyright Act, the Court must award fees for Nofal LLC's failure to admit a multitude of Plaintiff's requests for admissions, unless the Court finds some good reason for the failure to admit. Here, even if Nofal LLC had a good reason to doubt the Facebook page was its own store (it did not), the fact remains that, after Mr. Hamed testified, there could not possibly be a good reason for Nofal LLC to maintain its denials. Mr. Hamad – who is both Mr. Jaber's son and the Nofal LLC floor manager – unequivocally testified that the Facebook page belonged to Nofal LLC, that the Work was displayed thereon by him, that the various photographs were of the store, etc. Other than continuing to delay these proceedings, there was no reason for Nofal LLC to maintain its denials at that point. Further, even going back to the date Nofal LLC's responses were served, Mr. Jaber's testimony makes clear that – if he was not perjuring himself throughout his deposition – he did ***nothing*** to investigate the Facebook page or discuss its contents with his employees (including his sons). These circumstances certainly justify an award of fees under Rule 37 in the full amount of fees Plaintiff was forced to incur from the date of service of the responses through trial.

### IV. The Attorneys' Fees Sought by Plaintiff are Reasonable

Once it is determined that a fee award is appropriate, a court must then determine whether the fees requested are reasonable. To calculate reasonable attorneys' fees, courts generally use the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

"lodestar" method by multiplying a reasonable rate by the hours reasonably expended.  Johnson v. GDF, Inc., 668 F.3d 927, 929 (7th Cir. 2012).  In determining a reasonable hourly rate, the prevailing party is presumptively entitled to the rate charged by and paid to its counsel.  Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993); see also People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1310 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate.").  "The Court uses the lodestar method to calculate a reasonable fee, even where the attorney has a contingency fee agreement."  McKinney v. Chi. Transit Auth., No. 20 C 6093, 2023 U.S. Dist. LEXIS 139556, at *3 (N.D. Ill. Aug. 10, 2023) (citing Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639 (7th Cir. 2011)).

### A.      The Rates of Plaintiff's Counsel are Reasonable

A reasonable hourly rate is "one that is derived from the market rate for the services rendered."  Pickett, 664 F.3d at 640 (internal quotation marks omitted).  The Seventh Circuit has recognized the difficulty of determining the hourly rate of an attorney who uses contingent fee agreements and has advised district courts to rely on the "next best evidence," namely "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases."  Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 555 (7th Cir.1999).  Once an attorney provides evidence of his billing rate, the burden shifts to the defendant to present evidence establishing "a good reason why a lower rate is essential."  People Who Care, 90 F.3d at 1313.

Plaintiff's counsel, CopyCat Legal PLLC ("CopyCat Legal") is a boutique intellectual property law firm with its principal offices in Florida, and its attorneys are skilled litigators with

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

many years of relevant experience.[29] Mr. DeSouza (CopyCat Legal's principal) has been practicing law since 2004 and is admitted to numerous state (Florida, New York, District of Columbia, New Jersey, and Pennsylvania) and federal courts (including three (3) courts of appeal and approximately twenty (20) district courts) across the country, has served as lead counsel in more than 500 commercial litigation and/or intellectual property lawsuits in federal district courts in numerous states/jurisdictions, and has likewise served as lead counsel in multiple state and federal jury/non-jury trials.[30]

CopyCat Legal establishes standard hourly rates, *consistent with the South Florida market*, for services provided by its attorneys.[31] Throughout this lawsuit, Mr. DeSouza's standard hourly rate was $450.00 - $500.00.[32] These rates are more than reasonable when compared to hourly rates awarded by courts in the Seventh Circuit for attorneys of similar levels of experience when accounting for inflation. See, e.g., Moffat v. Acad. of Geriatric Physical Therapy, No. 15-cv-626-jdp, 2017 U.S. Dist. LEXIS 152489 (W.D. Wis. Sep. 20, 2017) (in copyright infringement action, finding $540 rate which later increased to $580 reasonable for senior partner); Forest River, Inc. v. inTech Trailers, Inc., No. 3:21cv645 DRL, 2024 U.S. Dist. LEXIS 169207, at *19 (N.D. Ind. Sep. 19, 2024) (finding $595.14 blended rate for partners reasonable); Berglund v. Matthews Senior Hous. LLC, No. 21-cv-108-pp, 2024 U.S. Dist. LEXIS 32044, at *12 (E.D. Wis. Feb. 26, 2024) (approving $450 per hour rate for contingency class representation); Cooper v. InvestiNet, LLC, Civil Action No. 1:21-cv-01562-TWP-DML, 2022 U.S. Dist. LEXIS 76982, at *4 (S.D. Ind.

---

[29] See DeSouza Decl., at ¶ 21.

[30] Id. at ¶¶ 17 – 18.

[31] Id. at ¶ 22.

[32] Id. at ¶ 25.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Apr. 14, 2022) (finding rate of $500 per hour for attorney with 16 years of experience to be reasonable); Russell v. Walmart Inc., No. CV 19-5495-MWF (JCx), 2024 U.S. Dist. LEXIS 15631, at *14 (C.D. Cal. Jan. 2, 2024) (in copyright infringement action, finding rates ranging from $625 – $775 for partner with 23 years of experience to be reasonable); CNC Software, LLC v. Nvo MacHining, LLC, No. 8:22-cv-00089-JLS-ADS, 2023 U.S. Dist. LEXIS 127954, at *18 (C.D. Cal. May 31, 2023) (in copyright infringement action, finding $575 for partner with 23 years of experience to be reasonable); Cinq Music Grp., LLC v. Create Music Grp., Inc., No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599, at *11 (C.D. Cal. Apr. 26, 2023) (in copyright infringement action, finding rates ranging from $695 to $775 for attorney with 19 years of experience and rates ranging from $300 to $350 for attorney with 1 – 2 years of experience to be reasonable).

Plaintiff submits that, given undersigned counsel's experience and the above legal fee awards in actions for attorneys with similar experience, the Court should find CopyCat Legal's rates to be reasonable.

### B. The Number of Hours Expended Was Reasonable

A "reasonable" number of hours equals "[t]he number of hours . . . [which] could reasonably have been billed to a private client." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted). To assess this, Courts consider "whether the hours of work performed are reasonably necessary to achieve the results obtained." Kiva Health Brands LLC v. Goodvitamin Foods Pvt. LTD, 2023 U.S. Dist. LEXIS 103401, at *11 (D. Haw. May 19, 2023).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

As detailed in the accompanying DeSouza Decl. and the exhibits attached thereto, Plaintiff's counsel (inclusive of Mr. DeSouza and paralegals) billed 142.25 hours for which Plaintiff seeks fees. This work directly related to litigating Plaintiff's prevailing copyright claims from inception through trial. Notably, this time includes 0.0 hours for Jeffrey Leavell, Esq., who served as local counsel for Plaintiff but attended hearings, participated in conferences, etc. The lodestar is thus calculated by multiplying the reasonable rates of Plaintiff's counsel by the reasonable hours worked, which Plaintiff has calculated at $69,255.00.

To support the above, the DeSouza Decl. attaches itemized time records identifying the date worked, "timekeeper" performing the work, hourly rate, a description for the work performed, and time expended in connection therewith. These time records comprise an aggregate of the contemporaneous daily time records maintained by the attorneys and paralegals. See Gonzalez, 729 F.3d at 1202 ("[T]o determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted.").

Plaintiff's counsel reviewed the billing entries prior to submitting them to the Court to ensure they were reasonable and not excessive, redundant, or otherwise unnecessary. All work reflected in the time records was necessary and justified to obtain a finding of liability with respect to Nofal LLC's infringement, and to address Nofal LLC's affirmative defenses. Plaintiff voluntarily excluded work in connection with intra-office communications between the attorneys and/or paralegals at CopyCat Legal (which was more than 30 hours), excluded any work concerning Plaintiff's post-trial motion for new trial/reconsideration, and excluded any work by Plaintiff's local counsel (Mr. Leavell).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court enter an Order: (a) granting this Motion; (b) finding that Plaintiff is entitled to an award of attorneys' fees as the prevailing party in this matter; (c) awarding fees consistent with the lodestar amount identified herein; and (d) for such further relief as the Court deems proper.

Respectfully submitted,

Dated: April 21, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
   Daniel DeSouza, Esq.
   Florida Bar No. 19291

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

By: /s/ Daniel DeSouza
   Daniel DeSouza, Esq.