**EXHIBIT "F"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

Defendants.

---

**DEFENDANT NOFAL LLC D/B/A FOOD TOWN MART, RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

---

The defendant, Nofal LLC d/b/a Food Town Mart, by their attorneys, Terschan, Steinle, Hodan & Ganzer, Ltd., by W. Timothy Steinle, hereby responds to Plaintiff's Request for Admissions as follows:

1. Admit that Jaber is the manager and sole member of NOFAL LLC.

Response 1: Admit.

2. Admit that the business license for NOFAL LLC is registered in Jaber's name individually.

Response 2: Admit.

3. Admit that Jaber, as the manager and sole member of NOFAL LLC, receives profit distributions and pays himself a salary from NOFAL LLC.

Response 3: Admit.

4. Admit that, as the manager and sole member of NOFAL LLC, Jaber controls the activities of NOFAL LLC.

Response 4: Admit.

5. Admit that NOFAL LLC does business as Food Town Mart.

Response 5: Admit.

6. Admit that, prior to doing business as Food Town Mart, NOFAL LLC did business as Villard Foodtown.

Response 6: Deny that at any time NOFAL LLC did business as Villard Foodtown.

7. Admit that the Website is controlled by NOFAL LLC.

Response 7: Deny that Villard Foodtown website is in any way controlled by NOFAL LLC.

8. Admit that the Facebook Page is controlled by NOFAL LLC.

Response 8: Deny that the Villard Foodtown Facebook page is controlled by NOFAL LLC.

9. Admit that, as of September 28, 2020, the Work was displayed on NOFAL LLC's Facebook Page.

Response 9: Deny that the Work was displayed on NOFAL LLC's Facebook page.

10. Admit that NOFAL LLC caused the Work to be displayed on its Facebook Page.

Response 10: Deny that NOFAL LLC caused the Work to be displayed on Villard Foodtown's Facebook page.

11. Admit that Jaber, acting as the manager and sole member of NOFAL LLC, caused the Work to be displayed on the Facebook Page.

Response 11: Deny that Jaber, in any capacity, caused the work to be displayed on Villard Foodtown's Facebook page.

12. Admit that NOFAL LLC published and/or displayed the Work on the Facebook Page.

Response 12: Deny that NOFAL LLC published and/or displayed The Work on Villard Foodtown's Facebook page.

13. Admit that Jaber, acting as the manager and sole member of NOFAL LLC, published and/or displayed the Work on the Facebook Page.

Response 13: Deny that Jaber, acting in any capacity for NOFAL LLC, published and/or displayed the Work on Villard Foodtown's Facebook page.

14. Admit that the Website is utilized to market and/or advertise NOFAL LLC's business.

Response 14: Deny that the Website is used to market and/or advertise for NOFAL LLC's business.

15. Admit that the Facebook Page is utilized to market and/or advertise NOFAL LLC's business.

Response 15: Deny that the Villard Foodtown Facebook page is utilized to market and/or advertise NOFAL LLC's business.

16. Admit that the Work was displayed on the Facebook Page in connection with NOFAL LLC's efforts to market its business.

Response 16: Deny that the Work was displayed on Villard Foodtown's Facebook page in connection with NOFAL LLC's efforts to market its business.

17. Admit that Jaber declined or failed to stop NOFAL LLC from causing the Work to be displayed on the Facebook Page.

Response 17: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 17 and therefore it must be deemed denied.

18. Admit that NOFAL LLC has never been licensed to use or display the Work.

Response 18: Admit.

19. Admit that Jaber has never been licensed to use or display the Work.

Response 19: Admit.

20. Admit that, to NOFAL LLC's knowledge, no person or entity has ever been licensed to use or display the Work on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC or Jaber.

Response 20: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 20 and therefore it must be deemed denied.

21. Admit that NOFAL LLC does not know what specific website it originally found the Work on.

Response 21: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 21 and therefore it must be deemed denied.

22. Admit that, after receipt of the Demand Letter, NOFAL LLC and/or Jaber removed at least five (5) photographs (other than the Work) from public display on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC.

Response 22: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 22 and therefore it must be deemed denied.

23. Admit that, as of November 22, 2021, NOFAL LLC and/or Jaber had never paid to license or display any photograph on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC and/or Jaber.

Response 23: Admit.

24. Admit that, as of November 22, 2021, NOFAL LLC and/or Jaber had never paid to license or display any photograph on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC and/or Jaber.

Response 24: Admit.

25. Admit that, in January 2020, Jaber, acting as the manager and sole member of NOFAL LLC, stated to the undersigned that the Work was not used on the Facebook Page.

Response 25: Admit.

26. Admit that, on a date after receipt of the Demand Letter, NOFAL LLC and/or Jaber changed the name of the Facebook Page from Villard Foodtown to Food Town Mart.

Response 26: Deny that at any time Jaber or any member of NORFAL LLC changed the name of the Villard Foodtown Facebook page from Villard Foodtown to Food Town Mart.

27. Admit that, prior to the date of these requests, NOFAL LLC was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./2302989003357489/?type=3:



Response 27: Admit.

28. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./2302987733357616/?type=3:

 

Response 28: Admit.

29. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./2140676156255442/?type=3:



Response 29: Admit.

30. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./1758387304484331/?type=3



:

Response 30: Admit.

31. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./1758389757817419/?type=3:




Response 31: Admit.

32. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not aware of any facts evidencing or supporting that "The Second Amended Complaint fails to state a claim upon which relief can be granted," as asserted in Defendants' First Affirmative Defense.

Response 32: Deny and state that the affirmative defense that the Complaint fails to state a claim upon which relief can be granted as a meritorious defense.

33. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not in possession of any documents evidencing or supporting that "The acts and/or allegations contained within the Second Amended Complaint were caused by those other than these answering defendants," as asserted in Defendants' Second Affirmative Defense.

Response 33: Deny and assert that the assent or allegations contained within the Second Amended Complaint were caused by those other than these answering defendants are a meritorious defense.

34. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not aware of any facts evidencing or supporting that "The claims of the

plaintiff may be precluded by the application of the "fair use" doctrine," as asserted in Defendants' Third Affirmative Defense.

Response 34: Assert that NOFAL LLC was aware of "The claims of the plaintiff may be precluded by the application of the "fair use" 'doctrine".

35. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not in possession of any documents evidencing or supporting that "The plaintiff has failed to mitigate their damages," as asserted in Defendants' Fourth Affirmative Defense.

Response 35: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 35 and therefore it must be deemed denied.

Dated this 15th day of August, 2023.

TERSCHAN, STEINLE, HODAN & GANZER, LTD.
Attorneys for the Defendant, Sharif Jaber

*Electronically signed by W. Timothy Steinle*
State Bar No.: 1003777

P.O. ADDRESS:
309 North Water Street, Suite 215
Milwaukee, WI 53202
(414) 258-1010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

Defendants.

---

**DEFENDANT, SHARIF JABER'S, RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

---

The defendant, Sharif Jaber, by his attorneys, Terschan, Steinle, Hodan & Ganzer, Ltd., by W. Timothy Steinle, hereby responds to Plaintiff's Request for Admissions as follows:

1. Admit that Jaber is the manager and sole member of NOFAL LLC.

Response 1: Admit.

2. Admit that the business license for NOFAL LLC is registered in Jaber's name individually.

Response 2: Admit.

3. Admit that Jaber, as the manager and sole member of NOFAL LLC, receives profit distributions and pays himself a salary from NOFAL LLC.

Response 3: Admit.

4. Admit that, as the manager and sole member of NOFAL LLC, Jaber controls the activities of NOFAL LLC.

Response 4: Admit.

5. Admit that NOFAL LLC does business as Food Town Mart.

Response 5: Admit.

6. Admit that, prior to doing business as Food Town Mart, NOFAL LLC did business as Villard Foodtown.

Response 6: Deny that at any time NOFAL LLC did business as Villard Foodtown.

7. Admit that the Website is controlled by NOFAL LLC.

Response 7: Deny that Villard Foodtown website is in any way controlled by NOFAL LLC.

8. Admit that the Facebook Page is controlled by NOFAL LLC.

Response 8: Deny that the Villard Foodtown Facebook page is controlled by NOFAL LLC.

9. Admit that, as of September 28, 2020, the Work was displayed on NOFAL LLC's Facebook Page.

Response 9: Deny that the Work was displayed on NOFAL LLC's Facebook page.

10. Admit that NOFAL LLC caused the Work to be displayed on its Facebook Page.

Response 10: Deny that NOFAL LLC caused the Work to be displayed on Villard Foodtown's Facebook page.

11. Admit that Jaber, acting as the manager and sole member of NOFAL LLC, caused the Work to be displayed on the Facebook Page.

Response 11: Deny that Jaber, in any capacity, caused the work to be displayed on Villard Foodtown's Facebook page.

12. Admit that NOFAL LLC published and/or displayed the Work on the Facebook Page.

Response 12: Deny that NOFAL LLC published and/or displayed the Work on Villard Foodtown's Facebook page.

13. Admit that Jaber, acting as the manager and sole member of NOFAL LLC, published and/or displayed the Work on the Facebook Page.

Response 13: Deny that Jaber, acting in any capacity for NOFAL LLC, published and/or displayed the Work on Villard Foodtown's Facebook page.

14. Admit that the Website is utilized to market and/or advertise NOFAL LLC's business.

Response 14: Deny that the Website is used to market and/or advertise for NOFAL LLC's business.

15. Admit that the Facebook Page is utilized to market and/or advertise NOFAL LLC's business.

Response 15: Deny that the Villard Foodtown Facebook page is utilized to market and/or advertise NOFAL LLC's business.

16. Admit that the Work was displayed on the Facebook Page in connection with NOFAL LLC's efforts to market its business.

Response 16: Deny that the Work was displayed on Villard Foodtown's Facebook page in connection with NOFAL LLC's efforts to market its business.

17. Admit that Jaber declined or failed to stop NOFAL LLC from causing the Work to be displayed on the Facebook Page.

Response 17: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 17 therefore it must be deemed denied.

18. Admit that NOFAL LLC has never been licensed to use or display the Work.

Response 18: Admit.

19. Admit that Jaber has never been licensed to use or display the Work.

Response 19: Admit.

20. Admit that, to Jaber's knowledge, no person or entity has ever been licensed to use or display the Work on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC or Jaber.

Response 20: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 20 and therefore it must be deemed denied.

21. Admit that Jaber does not know what specific website he originally found the Work on.

Response 21: : Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 21 and therefore it must be deemed denied.

22. Admit that, after receipt of the Demand Letter, NOFAL LLC and/or Jaber removed at least five (5) photographs (other than the Work) from public display on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC.

Response 22: : Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 22 and therefore it must be deemed denied.

23. Admit that, as of November 22, 2021, NOFAL LLC and/or Jaber had never paid to license or display any photograph on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC and/or Jaber.

Response 23: Admit.

24. Admit that, as of November 22, 2021, NOFAL LLC and/or Jaber had never paid to license or display any photograph on the Website, the Facebook Page, and/or any other social media page controlled by NOFAL LLC and/or Jaber.

Response 24: Admit.

25. Admit that, in January 2020, Jaber, acting as the manager and sole member of NOFAL LLC, stated to the undersigned that the Work was not used on the Facebook Page.

Response 25: Admit.

26. Admit that, on a date after receipt of the Demand Letter, NOFAL LLC and/or Jaber changed the name of the Facebook Page from Villard Foodtown to Food Town Mart.

Response 26: Deny that at any time Jaber or any member of NORFAL LLC changed the name of the Villard Foodtown Facebook page to Food Town Mart.

27. Admit that, prior to the date of these requests, NOFAL LLC was not licensed to use or display the following photograph, currently published at

https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./2302989003357489/?type=3:



Response 27: Admit.

28. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./2302987733357616/?type=3:



Response 28: Admit.

29. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./2140676156255442/?type=3:



Response 29: Admit.

30. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./1758387304484331/?type=3



:

Response 30: Admit.

31. Admit that, prior to the date of these requests, Defendant was not licensed to use or display the following photograph, currently published at https://www.facebook.com/villardfoodtown/photos/pb.100022757634300.-2207520000./1758389757817419/?type=3:




Response 31: Admit.

32. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not aware of any facts evidencing or supporting that "The Second Amended Complaint fails to state a claim upon which relief can be granted," as asserted in Defendants' First Affirmative Defense.

Response 32: Deny and state that the affirmative defense that the Complaint fails to state a claim upon which relief can be granted as a meritorious defense.

33. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not in possession of any documents evidencing or supporting that "The acts and/or allegations contained within the Second Amended Complaint were caused by those other than these answering defendants," as asserted in Defendants' Second Affirmative Defense.

Response 33: Deny and assert that the assent or allegations contained within the Second Amended Complaint were caused by those other than these answering defendants are a meritorious defense.

34. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not aware of any facts evidencing or supporting that "The claims of the

plaintiff may be precluded by the application of the "fair use" doctrine," as asserted in Defendants' Third Affirmative Defense.

Response 34: Assert that NOFAL LLC was aware of "The claims of the plaintiff may be precluded by the application of the "fair use" doctrine."

35. Admit that, at the time the Answer to the Complaint was filed in this lawsuit (February 20, 2023), NOFAL LLC was not in possession of any documents evidencing or supporting that "The plaintiff has failed to mitigate their damages," as asserted in Defendants' Fourth Affirmative Defense.

Response 35: Pursuant to Rule 36(4) of the Federal Rules of Civil Procedure, the information known or readily available does not allow this responding defendant to either admit or deny Request No. 35 and therefore it must be deemed denied after reasonable inquiry.

Dated this 15th day of August, 2023.

TERSCHAN, STEINLE, HODAN & GANZER, LTD.
Attorneys for the Defendant, Sharif Jaber

*Electronically signed by W. Timothy Steinle*
State Bar No.: 1003777

P.O. ADDRESS:
309 North Water Street, Suite 215
Milwaukee, WI 53202
(414) 258-1010