# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARIF JABER and NOFAL, LLC, *doing business as* FOOD TOWN MART, <br><br> Defendants. | Case No. 22-CV-642-JPS <br><br><br> **ORDER** |

      Now before the Court is a motion by current counsel for Defendants Sharif Jaber ("Jaber") and NOFAL, LLC doing business as Food Town Mart ("NOFAL")[1] (together "Defendants"), W. Timothy Steinle ("Steinle") of the law firm Terschan, Steinle, Hodan, & Ganzer, Ltd., who seeks to withdraw from representing Defendants. ECF No. 65. For the reasons and on the terms stated below, the Court will grant the motion.

      Steinle represents that Defendants retained him in January 2023. ECF No. 65-1 at 1. He represented Defendants at trial in late October 2024 and shortly thereafter sent a bill for his services to Jaber, to which Jaber did not respond. *Id.* at 1–2. Despite Jaber's lack of communication and payment, Steinle successfully defended against Plaintiff Prepared Food Photos, Inc.'s

---

[1] Jaber owns and controls NOFAL. ECF No. 61 at 4 (citing ECF No. 57 at 123, 124, and 167–69 and ECF No. 36-2 at 12, 17). Jaber is also NOFAL's registered agent. *See Corporate Records*, WISC. DEP'T OF FIN. INST., [https://perma.cc/ET6Y-6JVK] (last visited May 12, 2025). A jury found NOFAL liable for copyright infringement at trial, but it found that Jaber was not vicariously liable for NOFAL's infringement. ECF No. 50 at 1–2.

("Plaintiff") post-trial motion on Defendants' behalf. *Id.* at 2; ECF Nos. 56, 59, 61.

Plaintiff has since filed a bill of costs and a motion for attorney's fees. ECF Nos. 62, 64. Steinle has attempted to communicate with Jaber about both pending requests, but Jaber has not responded. ECF No. 65-1 at 3–4. On April 8, 2025, Steinle informed Jaber that if he did not receive any contact, he would file a motion to withdraw as counsel, and similarly on April 22, 2025 informed Jaber that if he did not hear any response by May 1, 2025, he would "take no further action" on Defendants' behalf. *Id.* at 3. He received no response and filed the motion to withdraw on May 1. *Id.* at 4. In total, Steinle attempted to contact Jaber on twelve occasions since trial and has heard nothing in return. *See generally id.*

Due to these circumstances, Steinle seeks the Court's permission to withdraw himself and his firm from representing Defendants further in this matter. ECF No. 65 at 1. He also seeks an extension of time for Defendants to respond to Plaintiff's pending fee motion. *Id.* at 1. Plaintiff does not oppose the motion or the request for an extension of time so long as any extension is "reasonable." ECF No. 66 at 1. Plaintiff also correctly notes that NOFAL would need to file any opposition to its pending fee motion through counsel. *Id.* (citing *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015)).

An attorney may withdraw from representing a party, even if the withdrawal would leave the party unrepresented, on a showing of good cause. *See* Civ. L.R. 7.1(e)(3)(A).[2] In assessing a motion to withdraw from

---

[2]The attorney must also serve a copy of the moving papers on the party and inform the party about any hearing on the motion. Civ. L.R. 7.1(e)(3)(B)–(D). Steinle has certified that he served the moving papers and Plaintiff's response on Defendants by mail and email, as directed by the Court. May 6, 2025 text order;

representation, "most 'federal courts use the ethical rules of the state in which they sit.'" *Watkins v. TransUnion, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (quoting *Huusko v. Jenkins*, 556 F.3d 633, 636 (7th Cir. 2009)). Accordingly, the Court assesses Steinle's motion under Wisconsin Supreme Court Rule 20:1.16. This rule permits withdrawal when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or "the representation . . . has been rendered unreasonably difficult by the client." Wis. Sup. Ct. R. 20:1.16(b)(5)–(6). A lawyer must promptly communicate with his client and "keep the client reasonably informed about the status of the matter," *id.* at 20:1.4(a)(3), but at the same time, "[r]easonable communication *between* the lawyer and the client is necessary for the client effectively to participate in the representation." *Id.* at 20:1.4 (incorporating Am. Bar Assoc. Comment [1]) (emphasis added). Upon termination of representation, the lawyer must "take steps to the extent reasonably practical to protect [the] client's interests." *Id.* at 20:1.16(d).

Steinle has demonstrated that Defendants have failed substantially to fulfill their obligation to communicate with him (and to pay him) and/or have rendered his representation unreasonably difficult by failing to fulfill those obligations. By ceasing all communication with Steinle after the trial, Defendants put him in the position of having to defend against a post-trial motion without their input and without knowing whether his time would ever be compensated. If Steinle's motion to withdraw is not granted, he will

---

ECF No. 67. The Court sees no need to set a hearing on Steinle's motion, because his representations persuade the Court that Defendants are unlikely to appear and that such a hearing would be futile.

Page 3 of 6
Case 2:22-cv-00642-JPS    Filed 05/12/25    Page 3 of 6    Document 68

almost surely have to defend the bill of costs and fee motion without Defendants' input or compensation. Steinle has taken all reasonable steps to protect Defendants' interests by defending Plaintiff's post-trial motion and now moving for an extension of time for Defendants to respond to Plaintiff's fee motion. For these reasons, the Court will grant Steinle's motion and permit him and his firm to withdraw from representing Defendants.

The Court will further grant the request to extend Defendants' time to respond to Plaintiff's fee motion. Because it is not entirely clear whether Steinle forwarded a copy of Plaintiff's fee motion to Defendants, *see* ECF No. 65-1 at 3 (stating that Steinle "forwarded a letter" to Jaber after he received the fee motion), the Court will begin by ordering Plaintiff to serve the fee motion and all attachments on Defendants, both by U.S. Mail and by email at the mailing address and email address indicated on the certificate of service, ECF No. 67, and to file a certificate of service thereof, within three (3) days of this Order. The Court will also direct the Clerk of Court to update Jaber's address of record to the mailing address indicated in the certificate of service and to mail a copy of this Order to Defendants[3] at this address.

Defendants shall file any response to Plaintiff's fee motion on or before **June 26, 2025**. Jaber may not respond on NOFAL's behalf; any response by NOFAL to the fee motion must be filed by an attorney. *1756 W.*

---

[3] As NOFAL's registered agent, Jaber is authorized to receive court filings on its behalf, *see* Fed. R. Civ. P. 4(e)(2)(C) and 5(b)(2)(C), but the Court reiterates that Jaber may not represent NOFAL.

The Court orders service by email in addition to postal mail to ensure that Defendants receive these filings. *See* ECF No. 67 (certificate of service indicating that Steinle sent filings to Defendants by mail and email).

*Lake St. LLC*, 787 F.3d at 385. **If Defendants do not file a response by this deadline, the Court will proceed to rule on Plaintiff's fee motion without Defendants' input.** Civ. L.R. 7(b) ("Failure to respond to the motion may result in the Court deciding the motion without further input from the parties."). Plaintiff may file a reply, if any, within fourteen (14) days of the docketing of Defendants' response.

Additionally, the Court will extend Defendants' time in which to object to Plaintiff's bill of costs. Steinle represents that he forwarded the bill of costs to Jaber on April 21, 2025. ECF No. 65-1 at 3. The Clerk of Court handles such requests and initially gave May 6, 2025 as the deadline for Defendants to object. ECF No. 63. The Court will direct the Clerk of Court to extend the deadline for objections to **June 26, 2025**, with the briefing schedule thereafter to proceed in accordance with the applicable local rule. *See* Civ. L.R. 54(a)(3). The Court will further direct the Clerk of Court to prepare an updated briefing letter and mail it to Defendants at Jaber's mailing address. Again, if NOFAL wishes to raise an objection to Plaintiff's bill of costs, it must do so through an attorney.

Accordingly,

**IT IS ORDERED** that Defendants' attorney's motion to withdraw from representation, ECF No. 65, be and the same is hereby **GRANTED**; Attorney W. Timothy Steinle and the law firm of Terschan, Steinle, Hodan & Ganzer, Ltd. be and the same is hereby **TERMINATED** as counsel for Defendants Sharif Jaber and NOFAL, LLC doing business as Food Town Mart;

**IT IS FURTHER ORDERED** that the Clerk of Court update Defendant Sharif Jaber's mailing address to the address listed in the certificate of service at ECF No. 67;

**IT IS FURTHER ORDERED** that, within **three (3) days** of this Order, Plaintiff Prepared Food Photos, Inc. serve a copy of its motion for attorney's fees and all attachments, ECF No. 64, on Defendants Sharif Jaber and NOFAL, LLC doing business as Food Town Mart by U.S. Mail and email at the mailing address and email address for Defendant Sharif Jaber listed in the certificate of service, ECF No. 67, and file a certificate of service thereof;

**IT IS FURTHER ORDERED** that Defendants Sharif Jaber and NOFAL, LLC doing business as Food Town Mart file any response to Plaintiff Prepared Food Photos, Inc.'s motion for attorney's fees, ECF No. 64, on or before **June 26, 2025**; NOFAL, LLC doing business as Food Town Mart must file any response through an attorney;

**IT IS FURTHER ORDERED** that Defendants Sharif Jaber and NOFAL, LLC doing business as Food Town Mart file any objection to Plaintiff Prepared Food Photos, Inc.'s bill of costs, ECF No. 62, on or before **June 26, 2025**; NOFAL, LLC doing business as Food Town Martin must file any response through an attorney; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order, the bill of costs, ECF No. 62, and an updated briefing letter on the bill of costs to Defendant Sharif Jaber's mailing address.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge