IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

    Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JABER'S MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC* TO FILE MOTION FOR ATTORNEY'S FEES**

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") hereby files this memorandum in opposition to defendant Sharif Jaber's ("Jaber") Motion for Extension of Time Nunc Pro Tunc to File Motion for Attorney's Fees (the "Motion for Extension of Time") [D.E. 76].

## INTRODUCTION

The Motion for Extension of Time seeks to excuse Jaber's failure to timely file a prevailing party motion for attorneys' fees following the verdict in his favor on Plaintiff's claim for vicarious liability. In support, the Motion for Extension of Time seeks to blame former counsel for purportedly misunderstanding that Jaber and co-defendant Nofal LLC d/b/a Food Town Mart ("Nofal LLC") were separate parties against which separate claims had been alleged, marginalizes the extreme prejudice to Plaintiff if Jaber was allowed to move for fees long after the deadline to appeal has passed, and completely fails in explaining why Jaber paid zero attention to this case

post-trial. As set forth herein, *none* of the factors the Court must consider favors granting the relief sought by Jaber.

## BACKGROUND

1. As the Court knows, this action was submitted to a jury trial October 28, 2024 – October 29, 2024 with the jury ultimately returning a verdict in favor of Plaintiff on its copyright infringement claim against defendant Nofal LLC d/b/a Food Town Mart ("Nofal LLC") and a verdict in favor of Jaber on Plaintiff's claim for vicarious liability.

2. On November 7, 2024 (after Plaintiff elected to receive the jury's finding of actual damages), the Court entered an Order [D.E. 53] summarizing and specifying the jury's findings – namely, that Plaintiff prevailed against Nofal LLC and that Plaintiff's vicarious liability claim was dismissed with prejudice:

> Based on the jury's findings, the Court will dismiss with prejudice Plaintiff's claim of vicarious liability against Jaber. ECF No. 19 at 8–9.

> **IT IS ORDERED** that Plaintiff Prepared Food Photos, Inc.'s claim of vicarious liability for copyright infringement against Defendant Sharif Jaber, ECF No. 19 at 8–9, be and the same is hereby **DISMISSED with prejudice**;

3. The Court subsequently (on the same day) entered Judgment [D.E. 54] in this action, again repeating that Plaintiff's *claim* of vicarious liability was "DISMISSED with prejudice":

> **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Prepared Food Photos, Inc.'s claim of vicarious liability for copyright infringement against Defendant Sharif Jaber (ECF No. 19 at 8–9) be and the same is hereby **DISMISSED with prejudice** (ECF No. 53);

4. On November 20, 2024, Plaintiff filed a Motion for New Trial and/or to Amend Judgment (the "<u>Motion for New Trial</u>") [D.E. 56]. The Motion for New Trial contained an independent section (titled "Vicarious Infringement") which argued that "[t]he jury's verdict with respect to Plaintiff's vicarious infringement claim against Jaber was likewise unsupported."[1]

5. On December 4, 2024, Defendants filed their Response in Opposition to Plaintiff's Motion for a New Trial and/or To Amend the Judgment (the "<u>Opposition to Motion for New Trial</u>") [D.E. 59]. That opposition memorandum likewise contained an independent section (titled "The Jury's Verdict Finding No Vicarious Infringement Was Appropriate") in which Defendants argued Plaintiff failed to prove its "***vicarious copyright infringement claim***."[2]

6. In any event, the filing of the Motion for New Trial operated to stay the 14-day deadline for any prevailing party to file a motion for attorneys' fees under Fed. R. Civ. P. 54(d)(2)(B)(i).

7. On April 7, 2025, the Court entered its Order [D.E. 61] denying the Motion for New Trial. That Order extensively discusses Plaintiff's vicarious liability claim against Jaber and the Court's reasons for not disturbing the jury's verdict with respect to such.

8. On April 21, 2025 (the new deadline for filing a motion for fees), Plaintiff filed its Motion for Attorneys' Fees [D.E. 64], seeking fees as the prevailing party against Nofal LLC on

---

[1]  <u>See</u> D.E. 56, at pp. 12 – 13.

[2]  <u>See</u> D.E. 59, at pp. 5 – 6 (emphasis added).

Plaintiff's copyright infringement claim. Jaber did not timely file his own motion for fees.

9. On May 1, 2025, W. Timothy Steinle, Esq. ("Mr. Steinle") filed a motion to withdraw as counsel for Defendants [D.E. 65], detailing his numerous efforts to contact Defendants following conclusion of trial, all of which were apparently ignored.

10. On May 12, 2025 (after Mr. Steinle served a copy of the motion to withdraw on Defendants), the Court entered an Order [D.E. 68] granting Mr. Steinle's motion to withdraw. That Order likewise required Plaintiff to serve a copy of the Motion for Fees (and Defendants' opposition) on Defendants and file a certificate of service (which Plaintiff filed proof of such on May 13, 2025).

11. On June 11, 2025, Griffin Klema, Esq. entered his appearance in this action on behalf of Defendants.

12. On June 16, 2025 – *57 days after the statutory deadline to file a motion for fees* – Jaber filed the Motion for Extension of Time.

## ARGUMENT

I. **Legal Standard**

As set forth in the Motion for Extension of Time, the Court must evaluate the factors identified in Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) in deciding whether to allow Jaber to file a motion for fees nearly 2 months after the deadline. "Under Pioneer, the excusable neglect inquiry must consider all relevant circumstances surrounding the party's omission. These include… the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Drippe v.

4
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Case 2:22-cv-00642-JPS   Filed 06/24/25   Page 4 of 13   Document 77

Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010) (alterations in original) (internal quotation marks omitted); see also Shicks v. DCS, No. 1:21-CV-224-HAB, 2022 U.S. Dist. LEXIS 85954, at *4 (N.D. Ind. May 12, 2022) ("In determining whether Plaintiff has demonstrated excusable neglect, the Court ***must follow the standard*** set forth in Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), which ***requires*** that the Court consider the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." (emphasis added) (internal quotation marks omitted).

## II. The Pioneer Factors

As set forth herein, ***none*** of the Pioneer factors support granting the Motion for Extension of Time. As a result, the Motion for Extension of Time should be denied.

### A. *Danger of Prejudice*

The Motion for Extension of Time first argues there is no danger of prejudice in allowing Jaber to file his own motion for fees 2 months after the deadline for doing so passed. In support, Jaber cites a single blog (written by a single attorney who, like Mr. Klema, regularly solicits defendants sued by Plaintiff and/or undersigned counsel) for the proposition that Plaintiff is "a serial litigant that is routinely accused of copyright trolling." It is unclear why aspersions cast by an attorney drumming up business are somehow relevant to the prejudice inquiry, nor is it clear how Plaintiff filing a motion for new trial, agreeing to Mr. Steinle's withdrawal, and/or agreeing to an extension for Nofal LLC to oppose Plaintiff's motion for fees have ***anything*** to do with the inquiry.

What *is* relevant, however, is the fact that Jaber waited until *after* the deadline for Plaintiff to appeal the Judgment to seek permission to file his own motion for fees. As set forth in Rui Tong v. Henderson Kitchen, Inc., No. 17-1073, 2020 U.S. Dist. LEXIS 158681, at *14 (E.D. Pa. Sep. 1, 2020):

> First, Defendants have suffered prejudice because Plaintiffs filed their Motion for Attorney's Fees long after the time to appeal had lapsed. This deprived Defendants of notice of Plaintiffs' claim for attorney's fees, which may have affected Defendants' decision to appeal. See Franlogic Scout Dev., LLC v. Scott Holdings, Inc., No. CV 16-5042, 2018 U.S. Dist. LEXIS 72751, 2018 WL 2002203, at *3-4 (E.D. Pa. Apr. 30, 2018) ("Petitioners would suffer prejudice if Respondent was permitted to file its Motion for Attorneys' Fees" because "[o]ne purpose of the fourteen-day deadline in Rule 54(d)(2)(B) is to provide notice to the opposing party of the claim for attorneys' fees before the time to appeal has lapsed."); Hardin v. SEPTA, No. Civ. A. 91-7434, 1998 U.S. Dist. LEXIS 33, 1998 WL 54713, at *4 (E.D. Pa. Jan. 6, 1998) ("The purpose of Rule 54(d)(2)(B) is to provide the opposing party and the court with notice of the motion for fees.").

Indeed, the 1993 Advisory Committee Notes to Fed. R. Civ. P. 54 specifically state: "Subparagraph (B) provides a deadline for motions for attorneys' fees—14 days after final judgment unless the court or a statute specifies some other time. One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed."

Here, the deadline for any prevailing party to file a motion for fees was April 21, 2025 and the deadline for any party to file an appeal of the Judgment was May 7, 2025 (30 days after the Court's denial of Plaintiff's Motion for New Trial). With Plaintiff having filed its own Motion for Attorneys' Fees and knowing that Jaber did not, Plaintiff chose to forego an appeal of the judgment in Jaber's favor and instead simply pursue prevailing party fees against Nofal LLC. Had undersigned counsel known that Jaber would pursue prevailing party fees (the reason that Rule

54(d)(2)(B)(i) exists), Plaintiff would have pursued an appeal in this matter.[3] Jaber's delay in waiting until long after the time to appeal expired thus materially prejudices Plaintiff as it is now stuck with a verdict in Jaber's favor and can no longer appeal such verdict. This factor clearly favors denial of the Motion for Extension of Time.

### B. *Length of Delay and Impact on These Proceedings*

Jaber's 2-month delay in seeking to file his own motion for attorneys' fees is, at best, a neutral factor. As set forth above, Jaber's delay greatly impacted Plaintiff's decision to appeal the Judgment. And while granting the Motion for Extension of Time will not materially extend these proceedings,[4] "there must be finality in litigation, and reopening the case to allow a motion for attorneys' fees would have some adverse impact on the judicial proceedings." See Franlogic Scout Dev., LLC v. Scott Holdings, Inc., No. 16-5042, 2018 U.S. Dist. LEXIS 72751, at *13 (E.D. Pa. Apr. 30, 2018) (finding a 2-month delay to be a neutral factor as compared to a 1-year delay).

### C. *Reason for the Delay / Good Faith*

The third and fourth Pioneer factors are where the Motion for Extension of Time truly falls apart at the seams. Here, the Motion for Extension of Time ***inexplicably*** argues that Mr. Steinle somehow did not understand there were separate claims against Nofal LLC and Jaber, with Mr.

---

[3] See Exhibit "A," a true and correct copy of the June 24, 2025 Declaration of Rebecca Jones (the "Jones Decl."), at ¶¶ 4 – 5.

[4] Mr. Klema volunteers that CopyCat Legal "frequently labors under a 14-day opposition timeframe, and may well submit its opposition before" the deadlines set forth in the Local Rules. While undersigned counsel appreciates the vote of confidence, the point remains that undersigned counsel (like most practicing attorneys) has an extraordinarily busy schedule, with cases pending in Florida and across the country, each of which has filing deadlines for which courts expect compliance. And given that undersigned counsel does occasionally enjoy seeing his family and/or going on a summer vacation, allowing Jaber to further multiply these proceedings with yet another motion that requires briefing will certainly impact this case and undersigned counsel's other proceedings.

Steinle (per his declaration) viewing Defendants "as a singular client when making strategic and tactical decisions." Such argument, however, is nonsensical.

As identified in the Background section above, the Court's November 7, 2024 Order [D.E. 53], the Judgment [D.E. 54], and the proceedings on Plaintiff's Motion for New Trial were all ***unequivocally*** clear that Jaber had prevailed on Plaintiff's claim for vicarious liability. None of Jaber, his prior counsel, or his current counsel can – with a straight face – assert there was anything unclear about the Judgment or Jaber's status as a prevailing party. Setting aside for the moment that the Second Amended Complaint [D.E. 19] includes a "COUNT I – COPYRIGHT INFRINGEMENT" claim against "NOFAL LLC" and a "COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT" against "Jaber," the record here is replete with references to the separate nature of these claims. For example, the parties' ***Joint*** Proposed Jury Instructions [D.E. 42] contain a specific instruction (12.6.1) on "DERIVATIVE LIABILITY – VICARIOUS INFRINGEMENT." Defendants' ***unilateral*** pre-trial report (filed on April 11, 2024) [D.E. 38] likewise recognized there were two, separate claims:

> **(1)(A) SUMMARY OF FACTS**
>
> The plaintiff, Prepared Food Photos, Inc., alleged in a Second Amended Complaint two (2) counts against the defendants, Nofal, LLC, and Sharif Jaber, individually: Count I-Copyright Infringement as to Nofal, LLC and Count II-Vicarious Copyright Infringement as to Sharif Jaber individually (Document 19). As to the allegations in the complaint, the defendants have denied

The Joint Final Pre-Trial Report [D.E. 41] likewise identified the separate nature of Plaintiff's claims:

## (1)(A) SUMMARY OF FACTS

==Plaintiff alleges in a Second Amended Complaint two (2) counts against Defendants: Count I-Copyright Infringement as Food Town and Count II-Vicarious Copyright Infringement as to Sharif (Document 19).== As to the allegations in the complaint, the defendants have denied any and Plaintiff likewise served *individual* discovery requests (interrogatories, requests for production, and requests for admissions) to *each of* Nofal LLC and Jaber – with each defendant *separately answering* those requests.[5]

The notion that Mr. Steinle was somehow unaware of separate claims against Nofal LLC and Jaber is simply not credible. Mr. Steinle clearly understood there were separate claims and that Plaintiff did not prevail against Jaber. And even if he somehow failed to read the Judgment or understand that Jaber was a prevailing party (he did not), such neglect would not be "excusable" under any interpretation. See, e.g. Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) ("Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney in-attentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant. Easley's attorney's conduct can only be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness.") (internal citations omitted); CSU v. Xerox Corp., 202 F.R.D. 275, 282 (D. Kan. 2001) ("[C]ounsel's failure to read and follow the plain terms of a court order does not justify a two month delay in responding to the order."); Equilease Fin. Servs., Inc. v. Fincastle Leasing, Inc., 305 F. App'x 291, 292 (7th Cir. 2008) ("[A] mistake of law is not a ground for relief under Rule 60(b)"); Kendall v. Hoover

---

[5] True and correct copies of Plaintiff's discovery requests, together with Nofal LLC and Jaber's responses thereto, are attached hereto as Exhibit "B."

Co., 751 F.2d 171, 175 (6th Cir. 1984) ("The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect.").

The actual, **non-manufactured** reason for the delay in Jaber seeking fees is Jaber himself. As made clear in Mr. Steinle's motion to withdraw, Mr. Steinle made substantial efforts to contact Jaber post-trial with respect to both new filings and Mr. Steinle's outstanding invoice(s). The Motion for Extension of Time **does not** assert that Jaber did not receive Mr. Steinle's correspondence or was somehow unaware of the outreach. Indeed, the Motion for Extension of Time is entirely silent in explaining Jaber's ambivalence toward his own case, choosing instead to focus on Mr. Steinle's purported understanding of the case/law. The simplest and most obvious explanation is that Jaber **deliberately ignored** Mr. Steinle, any rights Jaber may have had under the Judgment, and any obligations he may have had to either Mr. Steinle or the Court.

But for the ***ethically 'questionable'*[6]** tactics of Mr. Klema in directly soliciting Jaber, the Motion for Extension of Time would never have been filed as Jaber would have continued ignoring Mr. Steinle, the Court, and undersigned counsel to this day. Although somewhat obfuscated, the Motion for Extension of Time reveals that it was Mr. Klema who reached out to Jaber to represent him in this matter – not the other way around. Indeed, the Motion for Extension of Time plainly states: "Upon making contact with defendant Jaber, the undersigned discussed…."[7] and "now that the undersigned successfully contacted Jaber…."[8] This behavior is, unfortunately, consistent with Mr. Klema's modus operandi as he regularly monitors PACER for filings in undersigned counsel's

---

[6] See Wisconsin Rule of Professional Conduct for Attorneys 7.3 (prohibiting solicitation of prospective clients).

[7] See Motion for Extension of Time, at p. 4.

[8] Id. at p. 12.

cases and solicits defendants to represent them, resulting in Mr. Klema appearing in multiple of undersigned counsel's cases and ironically parroting the same 'troll' arguments he makes herein. Mr. Klema's representation of Jaber here is presumably on the same terms as those other matters where he appeals to the Court as purported pro bono counsel but instead has a contingency relationship wherein he receives a portion of any fees that may be awarded to his client(s).

But notwithstanding Mr. Klema's proclivity for 'trolling' PACER to solicit new clients, the point remains that Jaber has demonstrated **nothing** approaching good faith in his handling of post-trial matters. While Mr. Steinle certainly acted in good faith in attempting to communicate with his client, it is Jaber's good or bad faith that matters. **Nothing** in the Motion for Extension of Time supports the notion that Jaber acted in good faith or diligently to enforce his rights as a prevailing party in this action. **Nothing** explains why Jaber ignored Mr. Steinle, why Jaber did not himself seek new counsel upon Mr. Steinle's withdrawal (rather than wait around to be solicited by Mr. Klema), or why Jaber did not pay attention to an action he *knew* was not over given the Motion for New Trial (which was sent by Mr. Steinle to Jaber and likewise ignored). Jaber's delay here is his own doing and is not indicative of good faith. See, e.g. Legaspi v. Cal. Licensed Vocational Nurses Ass'n, 2008 U.S. Dist. LEXIS 79893, at *9 (E.D. Cal. Sep. 3, 2008) ("Plaintiff's conduct in litigating this case is neither negligent nor excusable. Rather, since terminating her counsel in January 2008, plaintiff has willfully ignored both communications by defense counsel and orders of the court. Her belated apologies and subsequent retention of counsel, actions taken after suffering the consequences of her conduct, are insufficient to substantiate her claim of excusable neglect."); Lincoln Diagnostics, Inc. v. Panatrex, Inc., No. 07-CV-2077, 2008 U.S. Dist. LEXIS 56722, at *11 (C.D. Ill. July 21, 2008) ("Furthermore, this court agrees with Plaintiff that

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

any lack of communication between Defendant and its counsel does not and cannot provide a basis for finding excusable neglect.").

### D. The Balance of the <u>Pioneer</u> Factors Do Not Support Jaber

As set forth above, **none** of the <u>Pioneer</u> factors favor Jaber. At best, a single factor (length of delay/impact on the proceedings) is neutral while all others strongly support denial of the Motion for Extension of Time. At bottom, Jaber has nobody to blame but himself for deliberately ignoring Mr. Steinle's multiple attempts to communicate with him, ignoring the Court, and ignoring undersigned counsel's service of the Motion for Attorneys' Fees. That Mr. Klema is willing to set aside the Rules of Professional Conduct to find clients to litigate against undersigned counsel (for reasons that only Mr. Klema can explain) is not an excuse for Jaber suddenly taking an interest in this case. Jaber and his counsel were well aware – from day one – of the separate claims at issue in this case. He was likewise well aware that he prevailed on the vicarious liability claim. The substantial prejudice to Plaintiff (with the deadline to appeal long gone), coupled with Jaber's deliberate ignorance, mandates denial of the Motion for Extension of Time.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion for Extension of Time and (b) for such further relief as the Court deems proper.

Respectfully submitted,

Dated: June 24, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

12
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Case 2:22-cv-00642-JPS   Filed 06/24/25   Page 12 of 13   Document 77

By: /s/ Daniel DeSouza  
Daniel DeSouza, Esq.  
Florida Bar No. 19291

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

By: /s/ Daniel DeSouza  
Daniel DeSouza, Esq.