UNITED STATES DISTRICT COURT
EASTER DISTRICT OF WISCONSIN

Case No. 22-cv-642-JPS

PREPARED FOOD PHOTOS, INC.,

    Plaintiff,

v.

SHARIF JABER and
NOFAL, LLC,
d/b/a Food Town Mart,

    Defendants.

---

**DEFENDANT SHARIF JABER'S REPLY IN SUPPORT OF HIS MOTION FOR EXTENSION OF TIME NUNC PRO TUNC TO FILE HIS MOTION FOR ATTORNEY'S FEES [DE 76]**

Defendant Sharif Jaber, pursuant to Civil L. R. 7(c) and the Court's order shortening the time for this reply, [DE dated June 17, 2025],[1] responds to plaintiff Prepared Food Photos, Inc.'s ("PFP") opposition memorandum, [DE 77].

**TABLE OF CONTENTS**

Page

**INTRODUCTION** .................................................................................................................. 2
**ARGUMENT** ........................................................................................................................... 3
    1.    PFP concedes *Pioneer* factors two and four ............................................... 3
    2.    PFP cannot refute the evidence for why the deadline was missed ......................... 4
    3.    **Plaintiff's argument on *Pioneer* factor four should be rejected as further copyright trolling bullying tactics** ................................................................ 6
    4.    PFP relies on out-of-district cases that are inapposite .......................................... 9
**CONCLUSION** ....................................................................................................................... 9

---

[1] This docket entry text is not numbered.

# INTRODUCTION

Plaintiff's rhetoric and baseless personal attacks are not well taken.[2] As to the substance of its opposition, Prepared Food Photos asserts, without any foundation in fact, that the arguments in Jaber's motion were "manufactured," Opp'n, DE 77 at 10. Hardly. It took great courage and humility for Attorney Steinle to disclose truthfully that he erred by not immediately recognizing Jaber was a prevailing party as a consequence of Nofal, LLC's loss. Plaintiff's opposition is unavailing, and the Court should grant Jaber's motion.

---

[2] The undersigned has become accustomed to this practice of Mr. DeSouza, whose latest attack is that the defendants' counsel employs "ethically 'questionable' tactics" and accusing the undersigned of solicitation. Opp'n, DE 77 at 10. Given the unsupported accusations in plaintiff's opposition memorandum, the undersigned submits a declaration respecting his engagement in this case to refute same. Mr. DeSouza's approach is not isolated. His prior unprofessional *ad hominem* attacks of multiple different defense attorneys include the following:

- Mr. DeSouza writing to the undersigned: "see if you can act like a normal human being." Ex. A to Decl. of Klema, DE 41-2 at 41 Broden v. Private Business Jets, LLC, no. 24-cv-10880 (D. Mass. Mar. 22, 2025);
- "sharp rhetoric" and "irrelevant ad hominem attacks at Defendant … and its counsel." Def.'s Response, Eclipse Sportswire v. The Sports Mall, LLC, no. 8:22-cv-1433-KKM-NHA (M.D. Fla. Nov. 22, 2024);
- "casting strikable aspersions on the skills of the Biltmore's counsel and mis-stating law." Def.'s Reply, Sadowski v. The Biltmore Hotel LP, no. 1:24-cv-23583 (S.D. Fla. Oct. 28, 2024);
- "Besides further knowingly false statements, plaintiff's counsel continues his *ad hominem* attack unabated." Def.'s Reply, Harrington v. Island Villa Rental Props., Inc., no. 4:23-cv-10080 (S.D. Fla. Feb. 29, 2024);
- "*ad hominem* attacks on the undersigned reflect an attempt to distract from [his] own ethical violations." Def.'s Reply, Affordable Aerial Photography, Inc. v. Home Junction, Inc., no. 2:22-cv-14296 (S.D. Fla. Jan. 17, 2023).

And at least two courts have raised concerns with his litigation tactics. See Order, DE 55, Affordable Aerial Photography, Inc. v. Ditommaso, No. 22-cv-80030 (S.D. Fla. Nov. 9, 2023) (characterizing Mr. DeSouza's "exclu[sion of] the factual context" as "conduct unbecoming of a forthright litigant in federal court" and that "the omission borders on deceitful"); Eclipse Sportswire v. The Sports Mall, LLC, no. 8:22-cv-1433-KKM-NHA (M.D. Fla. Nov. 7, 2024) (finding that Mr. DeSouza "took a factually unreasonable position" on behalf of his client).

# ARGUMENT

Prepared Food Photos (1) concedes Pioneer factors two and four, (2) cannot refute Steinle's explanation for why the deadline was missed (factor three), and (3) its argument respecting prejudice to it (factor one) is simply a transparent admission of how it uses litigation to bully defendants. (4) It also relies on non-binding, unreported out of circuit district court decisions.

In the final analysis, the Court would not abuse its discretion to extend the time for Jaber to file a fees motion.

### 1. PFP concedes Pioneer factors two and four

Prepared Food Photos concedes that two of the Pioneer factors favor extending the time for Jaber to file his fees motion: doing so "will not materially extend these proceedings" (factor two), Opp'n, DE 77 at 7, and "Mr. Steinle certainly acted in good faith" (factor four), id. at 11. It also concedes that Jaber is a prevailing party. See generally id. Thus, half of the Pioneer factors weigh in favor of a finding of excusable neglect.

As to its assertion that *Jaber* acted in bad faith by not responding to Attorney Steinle, Opp'n, DE 77 at 10, that is speculation which the attached declaration of Jaber refutes. Following the trial, Jaber was upset that a lawsuit like this, yielding a $200 judgment, had cost him tens of thousands of dollars to defend. Decl. of Jaber, attached as Exhibit A, at ¶ 4. He understandably did not want to incur more fees when all he was being told by Attorney Steinle was that the plaintiff was also seeking its fees, in addition to the fees he had to pay him. Id. at ¶ 3. More fundamentally, even if he had responded to Mr. Steinle's requests for payment, Jaber could not have pursued a matter about which he was uninformed. Decl. of Jaber, ¶¶ 2, 6. To the extent PFP takes issue with Jaber's conduct, his lack of responding to Attorney Steinle is understandable in light of the incurred, and still growing cost of defense.

Also, PFP's further argument about Jaber not obtaining new counsel is a *non sequitur* because the deadline for filing a fees motion had already passed by the time the Court allowed Attorney Steinle to withdraw. Given Prepared Food Photos' concessions on two of the <u>Pioneer</u> factors, equity weighs in Jaber's favor.

### 2. PFP cannot refute the evidence for why the deadline was missed

As to <u>Pioneer</u> factor three, Prepared Food Photos simply dislikes Attorney Steinle's explanation for his factual oversight, basing its argument on speculation rather than meeting the substance of Steinle's sworn statements.[3] While PFP might understandably be frustrated by prior defense counsel's error and Jaber's belated request to file a fees motion, that is often the reaction to neglect sought to be corrected as excusable. Mr. Steinle did not say, contrary to plaintiff's argument, that he "did not understand there were separate claims" Opp'n, DE 77 at 7, but rather that he "overlooked the fact that Mr. Jaber, in his individual capacity, had actually succeeded," as a direct consequence of the closeness of and practical oneness of Jaber and Nofal, Decl. of Steinle, DE 76-1 at ¶¶ 6, 9. That is a mistake of fact, not one of law.

And that fact is also reflected in the record, at a time when Jaber's fee motion would soon become due and when Steinle was still attempting to counsel Jaber on the suit's final steps. <u>See</u> Defs.'s Opp'n to Plf's Mot. for New Trial, DE 59 at 5-6 (repeatedly referring to "Food Town Mart" as the target of PFP's claim for vicarious liability, and arguing "the sale of pork chops does not lead to the conclusion that there is a "financial benefit" **to Food Town Mart**") (emphasis supplied). His argument in the defendants' opposition corroborates his explicit declaration respecting the oversight. It is not a manufactured argument, but bottomed on the undeniable truth

---

[3] Indeed, this seems to be the same persuasive tactic it took in seeking to overturn the jury's verdict. But speculation is not legal argument.

reflected in Attorney Steinle's own drafting and his subsequent declaration. Prepared Food Photos does not and cannot plausibly challenge those facts. Characterizing Steinle's error as lack of knowledge or his declaration as "argument," Opp'n DE 77 at 8, simply ignores the humility and regret displayed by him. "[A] trial court has discretion to consider the equities and then determine whether a missed filing deadline attributable to an attorney's negligence is (or is not) 'excusable neglect.'" Robb v. Norfolk & W. Ry. Co., 122 F.3d 354, 359 (7th Cir. 1997). The Court ought to exercise that discretion and find the oversight excusable.

Moreover, consistent with what is self-evident from the Steinle declaration, Jaber confirms that he received no counsel from his prior attorney respecting his ability to seek attorney's fees, and therefore he did not deliberately ignore any rights which he was unaware that he had. Decl. of Jaber, ¶¶ 3-6. What Attorney Steinle's declaration attests is that he misconceived of the existence of Jaber as a prevailing party as a consequence of the fact that his other client, owned by Jaber, had lost. Consequently, he did not communicate that fact to Jaber. Id. at ¶ 3. Unsurprisingly, Jaber did not respond to repeated requests for payment on outstanding invoices when he was completely unaware that Prepared Food Photos might be liable to pay his attorney's fees. Id. at ¶ 5. And so Jaber relied in good faith on the advice (and lack thereof) of his attorney respecting recovery of attorney's fees in this action. Id. at ¶ 2. Thus, Jaber's reluctance to run his attorney's clock is not dispositive of *Steinle's* neglect respecting the missed deadline—though the failure of communication impacted the possibility that Steinle may have learned of his error sooner by talking through the fees issue cooperatively with his client. Nevertheless, Jaber timely instructed his new counsel to proceed with a fees motion as soon as he became aware that he could. Id. at ¶ 6.

Consistent with Pioneer, "'excusable neglect' [can] include '*omissions through*

*carelessness and mistake.*'" Robb, 122 F.3d at 359 (quoting In re Bulic, 997 F.2d 299, 302 (7th Cir.1993)) (emphasis supplied by Robb). Steinle's oversight combined with Jaber's reluctance to communicate and incur further fees is the irrefutable explanation for why the deadline was missed. Prepared Food Photos is in no position to assert otherwise. Those facts, in the Court's discretion, can amount to excusable neglect.

> 3. **Plaintiff's argument on Pioneer factor four should be rejected as further copyright trolling bullying tactics**

The only Pioneer factor Prepared Food Photos genuinely disputes is the first, claiming that Prepared Food Photos forewent an appeal because Jaber had not filed a fees motion. Opp'n, DE 77 at 5-7. But any such appeal would likely have been of dubious merit, if not wholly frivolous. Its own decision not to pursue a dead-on-arrival appeal is not prejudice. That restraint is actually *commendable*, not prejudicial. While Jaber similarly cannot dispute the sworn statements of Rebecca Jones respecting her discussion with counsel about whether to pursue and appeal, the real question is whether that amounts to prejudice. On the facts here, it does not.

What is conspicuously absent from plaintiff's opposition is whether the contemplated appeal was forewent on its merits, besides Jaber not filing a timely fees motion. Presumably Prepared Food Photos' attorney provided counsel on the likelihood of success on appeal as part of that decision-making process. For it now to suggest that the *sole* basis of it forgoing an appeal was the absence of Jaber's fees motion is likely only a half truth. There is not prejudice when an appeal would be frivolous.

The standard of review for a jury's verdict makes it exceedingly difficult to overturn: "As long as there is a reasonable basis in the record to support it," the Seventh Circuit "will not overturn a jury's verdict." Robinson v. Burlington N. R. Co., 131 F.3d 648, 656 (7th Cir. 1997). Prepared Food Photos would have been required to show the "verdict is against the **clear weight** of the

evidence." Morris v. BNSF Ry. Co., 969 F.3d 753, 764 (7th Cir. 2020) (emphasis supplied); cf. also United States v. Groves, 470 F.3d 311, 323-24 (7th Cir. 2006) (in criminal cases, "[i]n reviewing a [] challenge to the sufficiency of the evidence … [w]e do not reweigh the evidence or make credibility determinations"). There was simply no clear evidence that the *only* conclusion a reasonable jury could have reached was that Jaber *personally* and *directly* profited from his son's one-time Facebook post apart from Nofal's general revenue from selling pork chops. See Meyer v. Holley, 537 U.S. 280, 286 (2003) ("in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability"). Prepared Food Photos was, for better or worse, "stuck with [the] verdict," Opp'n, DE 77 at 7, that it chose to pursue through trial because the likelihood of it retrying its case on a remand after a successful appeal was effectively zero. It was not prejudiced for its own decision not to take meritless appeal of an adverse verdict irrespective of what Jaber did or did not do.

Similarly, appealing the Court's subsequent order denying PFP's Rule 59 motion would have also been extremely remote given the standard of review: abuse of discretion. Whitehead v. Bond, 680 F.3d 919, 927 (7th Cir. 2012). If plaintiff's potential appeal had any reasonable chance of success, then perhaps it could claim prejudice. But on the facts here, any such appeal was bordering on frivolous. See Refac Int'l, Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1250 (Fed. Cir. 1990) (finding Refac's appeal frivolous because its "attack is primarily on fact findings or discretionary matters, all of which are amply supported by the record").

For Prepared Food Photos to claim that it forewent an appeal as a result of Jaber not seeking his attorney's fees, Decl. of Jones, DE 77-1 at ¶¶ 4-5, is simply an admission that it would have used a frivolous merits appeal as a weapon to bully Jaber out of pursuing his fees—just as it uses the prospect of a fee award in its favor, pre-suit, to bully defendants to pay excessive settlements.

A troll's strategy is the same as between the trial and appellate courts: Demand "modest [relief] for which there is no legal basis, in the hope that the 'rational'" defendant will accede to "it rather than incur a greater cost, and legal expenses, in challenging" it. Klinger v. Conan Doyle Est., Ltd., 761 F.3d 789, 791-92 (7th Cir. 2014). Pre-suit, PFP's demand was financial (pay an excessive sum or we'll cause you to incur substantial fees in defense of a low value suit), whereas post-judgment its hypothetical demand would have been tactical (don't seek fees or we'll file a dubious appeal). Both situations animate the judicial machinery that only the plaintiff/appellant has the power to cease, and thus uses an unstated threat of defense costs on its opponent to obtain its desired ends. In the words of an early patent troll using the same technique: "It only makes sense to use the cost of litigation as a bargaining leverage to force a settlement on terms favorable to the party that can litigate the matter to death without worrying about the cash flow." Refac Int'l, 921 F.2d at 1250. That was and continues to be PFP's strategy. It is a copyright troll because the shoe fits. See McDermott v. Monday Monday, LLC, 17-cv-9230, 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018) (defining a copyright troll as a litigant that is "more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties" and finding the plaintiff's "litigation strategy … fits squarely within the definition of a copyright troll" where it filed hundreds of lawsuits that were "disposed of before any merits-based litigation").

Furthermore, as PFP is aware, other districts have longer timeframes for attorney fees motions. E.g., S.D. Fla. L. R. 7.3(a)(1) (providing a 60-day deadline for filing a fees motion). And so the mere happenstance that PFP sued in the Eastern District of Wisconsin rather than another district where it would not have the opportunity to strategically file a meritless appeal to use as a bargaining chip belies its claimed prejudice. Had Jaber timely filed a fees motion and PFP appealed, he almost certainly would have been forced to incur still further attorney's fees to

vindicate his trial court win. PFP has suffered no prejudice.

### 4. PFP relies on out-of-district cases that are inapposite

Finally, Prepared Food Photos urges the Court to rely on out of district decisions, including from California, Pennsylvania, Kansas, and Illinois. These are not binding, and are also not persuasive. PFP also cites a pre-Pioneer case (also out of circuit) that simply affirmed the district court's order disallowing the plaintiff's Rule 60(b) motion on the basis of the same standard that governs the instant motion: abuse of discretion. See Opp'n, DE 77 at 9-10 (citing Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984)).

PFP's non-binding authorities stand in contrast to those cited by Jaber which provide this Court with "wide latitude in determining whether [Jaber and his counsel's] explanation for missing a deadline amounts to … 'excusable neglect,'" Nartey v. Franciscan Health Hosp., 2 F.4th 1020, 1024 (7th Cir. 2021).

## CONCLUSION

"[T]here is not a 'hard and fast' rule in [the Seventh] circuit which bars a trial judge from exercising discretion to determine whether attorney negligence in missing a filing deadline may be deemed 'excusable neglect.'" Robb, 122 F.3d at 361. The Court should find excusable neglect, grant Jaber's motion for extension of time, and allow him to file his motion for attorney's fees.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Attorney for Defendants
**KLEMA LAW, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
E-mail: Griffin@KlemaLaw.com