**UNITED STATES DISTRICT COURT**
**EASTER DISTRICT OF WISCONSIN**

**Case No. 22-cv-642-JPS**

PREPARED FOOD PHOTOS, INC.,

     Plaintiff,

v.

SHARIF JABER and
NOFAL, LLC,
d/b/a Food Town Mart,

     Defendants.

---

**<u>DECLARATION OF SHARIF JABER</u>**

I, Sharif Jaber, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1. My grocery store, Nofal, LLC, and I are defendants in this lawsuit filed by Prepared Food Photos, Inc. I submit this declaration in support of my motion for extension of time *nunc pro tunc* to file a motion for attorney's fees. I have personal knowledge of the facts stated herein and if called upon and sworn as a witness I could testify competently to them.

2. I am not a lawyer, am not trained in legal work, and I rely on attorneys to help me and my business understand legal matters. That included this lawsuit, and I relied on my prior attorney, Tim Steinle, to defend me and inform me of what might happen in the case, and what could be done to help me.

3. Before trial, I had paid approximately $19,600 in attorney's fees. After the trial, he sent me further invoices for work he performed, totaling about a further $13,000, and requested payment on them. He did not mention that I might be able to claim attorney's fees to reimburse

me for what I paid, as well that could satisfy what I still owe to his firm. Given the expense, I did not want to keep incurring further attorney's fees, and so that was the primary reason I didn't respond to his requests for payment.

4. I also thought the result of the lawsuit was that I lost, but not by much, since my store, and essentially me as the owner, was found liable for copyright infringement and awarded the plaintiff $200 in damages. By that time, I was very disgusted that this whole lawsuit over such a small amount had cost me tens of thousands of dollars in attorney's fees. My store does not make much money, and it has been difficult to pay my attorney's fees in a timely manner, but have paid what I could, even at Mr. Steinle's reduced hourly rate.

5. I was very relieved when Mr. Klema offered help on a pro bono basis. He said the last step wouldn't require too much work because it would be a single filing to oppose the plaintiff's fees motion. He sounded sympathetic to the ordeal that I had gone through with this lawsuit. After some preliminary conversations, he then told me that I might have been able to seek my attorney's fees even though my store was found liable for copyright infringement. That was the first time I heard that I might be able to recover the fees I paid Mr. Steinle and also satisfy the outstanding invoices.

6. Had I known from Mr. Steinle that I could have requested the plaintiff to pay my attorney's fees, I would likely have been more responsive to him before he withdrew, though I was still very concerned about incurring further fees in this lawsuit. I did not knowingly or intentionally forfeit my opportunity to have Prepared Food Photos reimburse my attorney's fees because I wasn't aware that I could ask for them until Mr. Klema alerted me to that possibility on June 11, 2025.

Dated: _____      _____
                               Sharif Jaber