PREPARED FOOD PHOTOS, INC.,

    Plaintiff,

v.

SHARIF JABER and
NOFAL, LLC,
d/b/a Food Town Mart,

    Defendants.

---

**DEFENDANT NOFAL, LLC'S OBJECTION AND SUPPORTING MEMORANDUM IN OPPOSITION TO PLAINTIFF PREPARED FOOD PHOTOS, INC.'S BILL OF COSTS, DE 62**

    Defendant Nofal, LLC, hereby submits the following objections to plaintiff Prepared Food Photos, Inc,.'s bill of costs, DE 62, together with its supporting memorandum of law.

    Plaintiff Prepared Food Photos, Inc. ("PFP") seeks to tax $2,270.55. DE 62-0 ("Bill"). In support, it attaches nine exhibits. Nofal objects on the basis of PFP's misconduct as a copyright troll and that it should be awarded no costs, as well as on the individual items, totaling $433.

    **I.**    **LEGAL BASIS FOR AWARD OF TAXABLE COSTS**

    Ordinarily, there is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate. Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). However, "[i]tems proposed by winning parties as costs should always be given careful scrutiny" and a district court does not have unrestrained discretion to tax every expense prevailing party incurred in the conduct of its case. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964).

The Seventh Circuit also allows a district court to deny costs outright, including "misconduct of the party seeking costs." Mother and Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). The textual source of the district court's authority is found in the rule itself, providing that costs may be taxed "[u]nless … a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Rule 54 is thus permissive, not mandatory. So too with respect to the Copyright Act. 17 U.S.C. § 505 ("the court in its discretion may allow the recovery of full costs").

Limiting taxable costs also furthers the "policy of reducing insofar as possible the burdensome cost of litigation" by placing the risk of not obtaining reimbursement for costs on the party incurring them. Cf. Farmer, 379 U.S. at 235.

Procedurally, assuming the party seeking to tax costs is entitled as a threshold matter, Mother and Father, 338 F.3d at 708, a court then evaluates two questions: "1) are the expenses recoverable 'costs'? and 2) are the costs reasonable, both in amount and necessity?" Illinois v. Sangamo Constr. Co., 657 F.2d 855, 864 (1981). "[T]he trial court is in the best position to determine the reasonableness of the cost." Id.

Ultimately, taxation of costs is a type of discretionary ruling to which the Seventh Circuit often gives "virtually complete" deference. See Piper Aircraft Corp. v. Wag-Aero, Inc., 741 F.2d 925, 937 (7th Cir.1984) (Posner, J., concurring).

## II. COSTS OBJECTIONS

### A. PFP is a copyright troll and should not enjoy a presumption that its costs may be taxed against Nofal

First, as is more fully articulated in Nofal's opposition to PFP's motion for attorney's fees, PFP is a serial copyright litigant that improperly uses the judicial machinery in furtherance of its scheme to extort money above what is just. In common terms, PFP is a copyright troll. See Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093 (7th Cir. 2017) (discussing the "business

model" of bringing "infringement claims of dubious merit").

PFP, under its current and former name[1] has filed more than 260 copyright infringement suits since 2016, see Affirmation of Paul A. Levy, DE 21-1 at ¶ 5 and Ex. C thereto,[2] Prepared Food Photos, Inc. v. Pool World, Inc., no. 2:23-cv-160 (E.D. Wash. Nov. 5, 2023), together with a untold number of pre-suit settlements from accused persons and businesses. All of its cases are believed to concern 1990s-vintage grainy, film-based stock photos that it previously offered for license through iStock Photo for nominal sums, but which it pulled from that agency in favor of its current business of suing accused infringers after having seeded the internet with hundreds of its photos. Id. at ¶¶ 7-11; see also Prepared Food Photos, Inc. v. Pool World, Inc., 752 F.Supp.3d 1230, 1231 (E.D. Wash. 2024) (denying plaintiff's motion to dismiss without prejudice).

A party's conduct is relevant to taxation of costs, as a losing party may overcome a presumption in favor of taxing costs where "there has been some fault, misconduct, default, or action worthy of penalty on the part of the prevailing side." Hudson, 758 F.2d at 1242 (quoting Delta Air Lines v. Colbert, 692 F.2d 489, 490 (7th Cir. 1982)).

Here, PFP's Bill travels under Rule 54, and thus the Court's (and therefore the Clerk's) authority to decline to tax costs is a discretionary one. It would be a proper exercise of the Court's discretion to deny PFP its costs given its misconduct as a copyright troll. See Design Basics, LLC v. Signature Constr., Inc., 994 F.3d 879, 881 (7th Cir. 2021) (the troll's "business model[] center[s] on litigation rather than creative expression"); Design Basics, LLC v. Kerstiens Homes & Designs,

---

[1] Adlife Marketing & Communications Co., Inc.
[2] Affirmation available at https://storage.courtlistener.com/recap/gov.uscourts.waed.103244/gov.uscourts.waed.103244.21.1.pdf, and Exhibit C available at https://storage.courtlistener.com/recap/gov.uscourts.waed.103244/gov.uscourts.waed.103244.21.5.pdf

1 F.4th 502, 504 (7th Cir. 2021) (finding plaintiff "fits" the copyright troll definition where it "brought over 100 infringement suits" and "its employees receive incentives to stalk the Internet in hopes of finding a target for an infringement suit" notwithstanding that it "hold[s] itself out as a home designer"). PFP was also previously represented by now-disbarred copyright troll lawyer Richard Liebowitz, Adlife Marketing & Communications Co., Inc. v. Karns Prime and Fancy Food, Ltd., no. 21-2074, 2023 WL 179840 (3d Cir. Jan. 13, 2023), though allegedly claiming ignorance of its prior counsel's litigation tactics on its behalf, Decl. of Joel Albrizio, DE 57-2 Adlife Marketing & Communications Co., Inc. v. Karns Prime and Fancy Food, Ltd., no. 1:19-cv-01638 (M.D. Penn. Jan. 26, 2021).[3] Its founder, Joel Albrizio, has also stated that his business's decision to (1) discontinue licensing the photographs individually through iStock for approximately $12, (2) obtain certificates of registration for them, and (3) start suing those found with the images on their website or social media, all of which was based on the advice of its counsel, and which Nofal understands to have been disgraced Attorney Liebowitz. This too is more fully documented in Nofal's opposition to PFP's motion for attorney's fees.

Evidencing its status as a troll in this case specifically is the fact that it sought the full statutorily-enhanced damages of $150,000 but recovered a mere $200 in actual damages from only one of two defendants and no injunctive relief. It also lost half of its case, failing on its claim against co-defendant Sharif Jaber. More critically, its various settlement demands[4] were not based on being made whole for the harm it actually suffered, but rather were premised—as copyright

---

[3] Available at
https://storage.courtlistener.com/recap/gov.uscourts.pamd.122242/gov.uscourts.pamd.122242.57.2.pdf
[4] $30,000 pre-suit, $150,000 in its second amended complaint, DE 19, $71,928 in its summary judgment motion, DE 36, and $90,000 one week prior to trial. These demands will be substantiated by declaration of prior defense counsel in connection with Nofal's opposition to plaintiff's motion for attorney's fees.

trolls do—on the defendants' potential liability for attorney's fees and/or the fees it would incur to continue defending the case. There's no denying PFP is a quintessential copyright troll. And denying costs to a litigant like Prepared Food Photos is appropriate under the Copyright Act. McDermott v. Kalita Mukul Creative Inc., 757 F.Supp.3d 301, 322-27 (E.D.N.Y. 2024) (denying both costs and fees to the plaintiff after it obtained a $970 statutory damages judgment); Golden v. Michael Grecco Prods., Inc., 524 F. Supp. 3d 52, 59, 67 (E.D.N.Y. 2021) (denying costs because "a statutory damages award in [the plaintiff's] favor [of $750] is more than sufficient to advance the purposes of the Copyright Act" where the plaintiff had demanded $25,000 in settlement pre-suit even though the court found the defendant was "not an innocent infringer").

Indeed, this appears to be the first lawsuit in which PFP's damages theory (that it is entitled to a whopping $999 per month fee for the use of one stock food image) has been tested by jury verdict, whereas all of its prior judgments were obtained by default in an uncontested suit. Affirmation of Levy, DE 21-1 at ¶ 8 ("Mr. DeSouza told me in a January, 2023 exchange about a demand letter that he sent to a different small business that his client[, PFP,] has never obtained a court ruling approving his subscription rate theory of damages in a contested case. Rather, he has only obtained court awards on that theory when he was seeking them ex parte, by way of default judgments.").[5] This Court recognized that fact when it denied PFP's motion for new trial. Order, DE 61 at 15 ("Plaintiff fails to acknowledge that all of its cited cases were decided on default judgment relying only on Plaintiff's declarations" and it "also conveniently omits reference to another case it had before this Court in which the Court … declined to adopt Plaintiffs' proposed damage award").

Even if not denied outright, PFP should not enjoy a presumption of its costs being taxed,

---

[5] See n. 1, *supra*.

and the amount reflected in its Bill should be reduced.

### B. Discrepancy between Bill and exhibits

PFP's Bill does not accurately reflect what is shown in the exhibits, with the subtotal identified on line two of the Bill being $50 more than the totals reflected on Exhibits 1 and 2 (duplicate, identical documents, each reflecting an invoice of $718.00), and Exhibit 6 ($372.25). Nofal therefore objects to the Bill exceeding that which is shown by the attached exhibits in the amount of $50.

### C. Costs not reasonably necessary

A number of costs claimed on the Bill were not reasonably necessary.

First, PFP or its counsel voluntarily paid for expedited 3-day turnaround on defendant Sharif Jaber's deposition (Exhibits 1 and 2), whereas the later deposition of Amjad Hamed was regular service. Thus, there does not appear to have been a need for rush service on transcribing the deposition. The additional cost of such turnaround was $243.[6] "[C]osts related to discovery depositions may be assessed, provided that the deposition is not merely for the convenience of the attorney." <u>Hudson v. Nabisco Brands, Inc.</u>, 758 F.2d 1237, 1243 (7th Cir. 1985) (citations omitted), overruled on other grounds, <u>Provident Bank v. Manor Steel Corp.</u>, 882 F.2d 258, 261 n. 5 (7th Cir.1989).

Second, PFP pursued discovery from a third party that was not likely to yield discoverable information, and indeed PFP did not introduce any such evidence at trial. That concerns Exhibit 4, the costs of a subpoena directed to Associated Wholesale Grocers, Inc., in the amount of $100.

---

[6] Exhibit 6, the costs for the deposition of Amjad Hamed, reflects a per-page cost of $4.75 for regular turnaround. The per-page cost for 3-day turnaround was $8.80. At 60 pages, the additional cost was therefore $4.05 x 60 pages = $243.

None of that effort was reasonably necessary. Instead, it was PFP's fishing expedition to determine whether the subject image appeared in Nofal's occasional print flier. It did not, and therefore the discovery yielded nothing. "[A] cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 702 (2008).

Third, PFP was not diligent in subpoenaing witnesses for trial. It incurred a rush charge of $40 to subpoena non-party witness Amjad S. Hamad (Exhibit 7). There is no reason why PFP would suddenly need to subpoena Mr. Hamad on October 11, 2024 (17 days prior to trial), when it previously deposed him months earlier. See DE 62-6 (Exhibit 6) (showing date of deposition December 18, 2023). PFP's lack of pretrial diligence should not become Nofal's taxable cost.

### III. CONCLUSION

Based on the foregoing objections, Nofal objects to plaintiff's request to tax $433 in costs, and that its bill be reduced accordingly, or denied outright for plaintiff's conduct as a copyright troll. The Court would not abuse its discretion in either decision.

       /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Attorney for Defendants
**KLEMA LAW, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
E-mail: Griffin@KlemaLaw.com