# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PREPARED FOOD PHOTOS, INC.,

    Plaintiff,

v.

SHARIF JABER and NOFAL, LLC, *doing business as* FOOD TOWN MART,

    Defendants.

Case No. 22-CV-642-JPS

**ORDER**

    In this action, Plaintiff Prepared Food Photos, Inc. ("Plaintiff") prevailed at a jury trial on a claim of copyright infringement against Defendant NOFAL, LLC doing business as Food Town Mart ("NOFAL"), but the jury found NOFAL's principal, Defendant Sharif Jaber ("Jaber"), not vicariously liable for copyright infringement. ECF No. 50 at 1–2. Accordingly, the Court dismissed Plaintiff's claim against Jaber with prejudice. ECF No. 54 at 2. After adjudication of its post-trial motion, Plaintiff filed a motion for attorney's fees, which remains pending. ECF No. 64. Subsequently, former counsel for both Defendants, Timothy Steinle ("Attorney Steinle"), was permitted to withdraw because Jaber had failed to communicate with or pay counsel. ECF No. 68. Since then, pro bono counsel has appeared for Defendants and filed a response to Plaintiff's fee motion. ECF Nos. 73, 80.

    Jaber now seeks an extension of time *nunc pro tunc* to file his own motion for attorney's fees, as the prevailing party on Plaintiff's vicarious

infringement claim. ECF No. 76. That motion is fully briefed. ECF Nos. 77, 78. For the reasons stated below, the motion will be granted.

Because the Court resolved Plaintiff's post-trial motion on April 7, 2025, ECF No. 61, the deadline for filing motions for attorney's fees was fourteen days later, April 21, 2025. *See Prude v. Meli*, No. 17-CV-336-SLC, 2024 WL 5455763, at *3 (W.D. Wis. Nov. 21, 2024) (noting that fee motions are due within fourteen days of resolution of a post-trial motion and collecting cases). Plaintiff's fee motion was timely. Jaber did not propose to file his fee motion until mid-June 2025, well after that deadline.

The Court may pardon missed deadlines on a finding that "the party failed to act [by the deadline] because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect analysis

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Whether to find excusable neglect and permit a party to file a motion that would otherwise be untimely is up to the Court's discretion. *Id.*

Jaber argues that he satisfies each of these factors, ECF Nos. 76 and 78, while Plaintiff argues that he has not met any of them, ECF No. 77. The Court examines each factor in turn.

First, Jaber contends that Plaintiff will suffer no prejudice if he is permitted to file his own fee motion. ECF No. 76 at 6–8. Jaber points out that Plaintiff itself "extended" proceedings in this case with post-trial

motion practice and has not opposed other requests to extend deadlines, hypothesizing that its "opposition [to Jaber filing a late fee motion] appears motivated not by any prejudice but rather by its desire to avoid fees liability." *Id.* at 7.[1] Plaintiff responds that it would be prejudiced if Jaber is permitted to file a fee motion because, had Plaintiff known that he would do so, "Plaintiff would have pursued an appeal in this matter," the deadline for which has now passed. ECF No. 77 at 6–7 (citing ECF No. 77-1); Fed. R. App. P. 4(a)(1)(A) and (a)(4) (providing appeal deadline of thirty days after the district court's disposition of a post-trial motion). In reply, Jaber asserts that any appeal by Plaintiff would have been meritless and that Plaintiff's decision to forego an appeal because Jaber did not initially seek his attorney's fees "is simply an admission that it would have used a frivolous merits appeal as a weapon to bully Jaber out of pursuing his fees." ECF No. 78 at 6–8.

Consideration of this first factor cuts narrowly in Jaber's favor. Jaber's arguments about Plaintiff's motives and the merits of its theoretical appeal are largely speculative and of little persuasive value to the Court. The Court notes and appreciates that attorneys and their clients must often undertake tactical decision-making and cost-benefit analysis to determine how far to pursue cases, as it appears that Plaintiff did here. Nevertheless, Plaintiff's recourse if it believed that it had legitimate issues to present on appeal was to appeal. Plaintiff gave up that right and accepted the consequences of doing so. The Court cannot conclude that Plaintiff would

---

[1] Jaber also accuses Plaintiff of being a "serial litigant" and a "copyright troll[]." ECF No. 76 at 6 & n.2; *id.* at 13 (quoting *Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, 77 F.4th 630, 634 (7th Cir. 2023)); ECF No. 78 at 6–8. The Court does not find this argument to be relevant to the excusable neglect analysis and will disregard it.

be prejudiced because the circumstances relative to its decision to forego an appeal have changed. Moreover, there was always some opportunity cost to Plaintiff in deciding to forego an appeal. Awarding attorney's fees is up to the discretion of the Court, *Live Face*, 77 F.4th at 632 (noting the "very strong presumption in favor of [the prevailing party] recovering their fees" but stating that "[t]hat presumption can of course be overcome"), so Plaintiff always knew there was a possibility that the Court might not permit it to recover its attorney's fees in full or at all from NOFAL, regardless of whether it appealed or the outcome of that appeal. For this reason, the Court finds that the prejudice factor weighs narrowly in favor of permitting Jaber to file his proposed fee motion.

      The second factor—the length of Jaber's delay in bringing his motion and the impact that permitting him to file it would have on these proceedings—weighs slightly in Jaber's favor. Jaber argues that, if permitted to file his motion, there would be a minimal difference of a few weeks between when Plaintiff's and his fee motions are fully briefed, so any impact on the proceedings would be minimal. ECF No. 76 at 8. Plaintiff volunteers that this factor is "at best . . . neutral" and urges the Court to advance this matter to finality. ECF No. 77 at 7. The Court agrees with Plaintiff that it is time to put this matter to bed, but having to adjudicate two fee motions instead of one would not significantly hinder this goal.

      The third factor, the reasons for Jaber's delay in filing the fee petition including whether the delay was within his reasonable control, is neutral. Jaber avers that the reason that Attorney Steinle failed to timely seek fees post-trial was because he "did not initially recognize" that Jaber was a prevailing party and therefore entitled to seek fees. ECF No. 76 at 10; ECF No. 76-1 at 2–3. Plaintiff questions how this could be true when the

pleadings, the parties' discovery responses and pretrial submissions, and the judgment all embody *separate* claims against NOFAL and Jaber. ECF No. 77 at 8–9 (citing and quoting, *e.g.*, ECF Nos. 19, 41, and 42). In any event, Plaintiff argues that if Attorney Steinle did in fact make a mistake, "such neglect would not be 'excusable' under any interpretation" because "attorney in-attentiveness to litigation is not excusable . . . ." *Id.* at 9 (quoting *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)).

Attorney Steinle's oversight falls "within the gray area between [inexcusable inattentiveness or] carelessness and excusable neglect." *Easley*, 382 F.3d at 698 (quoting *Hough v. Loc. 134, Int'l Bhd. of Elec. Workers*, 867 F.2d 1018, 1022 (7th Cir. 1989)). Should it have been obvious to Attorney Steinle that one of his clients prevailed at trial? Yes. Should it have been obvious to Attorney Steinle that—absent any communication or payment from his clients for months—he nonetheless should have filed a fee motion on Jaber's behalf before the time to do so expired? Not so much. The Court cannot conclude that Attorney Steinle was inexcusably inattentive to this matter; indeed, he successfully defended Plaintiff's post-trial motion without communication or payment from Jaber. Rather, it seems that Attorney Steinle made a perhaps slapdash judgment call about how to move forward with Defendants' case. This conduct narrowly falls on the excusable side of the spectrum, and this portion of the analysis of the third factor favors Jaber.

With respect to whether the delay was within Jaber's reasonable control, he acknowledges that he failed to communicate with Attorney Steinle after trial ended, so "even if [Attorney Steinle] had earlier recognized [that] Jaber was a prevailing party," "Attorney Steinle's ability to pursue a fees motion without Jaber's input and authorization was

compromised." ECF No. 76 at 11.[2] Plaintiff responds that any delay was fully within Jaber's control because he "deliberately ignored [Attorney] Steinle [and] any rights [he] may have had under the [j]udgment."[3] Here, the Court agrees with Plaintiff—Jaber has not provided a good explanation for why he should now be permitted to do, through pro bono counsel, what Steinle could have done on time had Jaber not ignored him. This portion of the analysis of the third factor favors Plaintiff. Because the first portion of the analysis of the third factor favors Jaber, the third factor has an overall neutral effect in the excusable neglect analysis.

As to the fourth and final factor, the Court finds that Jaber, Attorney Steinle, and Jaber's new pro bono counsel have all acted in good faith. Attorney Steinle made diligent attempts to contact Jaber and declined to overextend his authority by filing a fee motion on Jaber's behalf without first consulting with Jaber. Jaber's new pro bono counsel acted promptly to correct the omission. And Jaber seeks to vindicate his right to seek fees, as a prevailing party in this matter, which he is expressly permitted to do. 17 U.S.C. § 505.

After considering all these factors, the Court concludes that Jaber has narrowly demonstrated excusable neglect for his failure to file a fee motion by the original deadline. The Court will therefore permit Jaber to file a fee motion on or before **Wednesday, July 9, 2025**. Thereafter, the briefing

---

[2]Jaber further states that Attorney Steinle could not have filed a fee motion without his consent because "the right to attorney's fees is not that of the lawyer, but of the client." ECF No. 76 at 11–12 (collecting cases).

[3]Plaintiff accuses Defendants' pro bono counsel of having "directly solicit[ed] Jaber" as a client, possibly in violation of Wisconsin's ethical rules for attorneys. ECF No. 77 at 10 & n.6 (citing Wis. Sup. Ct. R. 20:7.3). This argument is wholly irrelevant to the instant motion, and the Court has disregarded it.

Page 6 of 7
Case 2:22-cv-00642-JPS    Filed 07/02/25    Page 6 of 7    Document 81

schedule and page limits in Civil Local Rule 7 will apply. If the parties wish to submit the matter of their fees to mediation before a magistrate judge, or if the parties settle their fees outside of court, they should indicate as much in writing on the docket as soon as possible.

Accordingly,

**IT IS ORDERED** that Defendant Sharif Jaber's motion for an extension of time *nunc pro tunc* to file a motion for attorney's fees, ECF No. 76, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant Sharif Jaber shall file any fee motion on or before **Wednesday, July 9, 2025**.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge