# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., | |
| Plaintiff, | Case No. 22-CV-642-JPS |
| v. | |
| SHARIF JABER and NOFAL, LLC, *doing business as* FOOD TOWN MART, | **ORDER** |
| Defendants. | |

## 1. INTRODUCTION

In this case, Plaintiff Prepared Food Photos, Inc. ("Plaintiff") accused Defendants Sharif Jaber ("Jaber") and NOFAL, LLC doing business as Food Town Mart ("NOFAL") (together, "Defendants") of infringing its copyright on a single photo of raw pork chops. *See generally* ECF No. 19. Plaintiff specifically alleged that the infringement occurred when NOFAL posted the subject photo on its business Facebook page, and that Jaber was vicariously liable for that infringement because Jaber, "[a]s the manager and sole member of NOFAL," could control its infringing acts, failed to do so, and ultimately profited from the infringement. *Id.* at 6, 8–9.

The case proceeded to a jury trial on October 28 and 29, 2024. ECF No. 48. The jury found, in relevant part, that:

- NOFAL infringed upon the copyrighted material of Plaintiff, but its infringement was not willful;

- Jaber did not vicariously infringe upon the copyrighted material of Plaintiff; and

- The sum of $200.00 fairly and reasonably compensates Plaintiff for its actual damages.

ECF No. 50; ECF No. 54 (final judgment). The Court upheld the jury's verdict in full over a post-trial motion from Plaintiff. ECF No. 61.

Now before the Court are two motions for attorney's fees: Plaintiff seeks its attorney's fees for its victory against NOFAL, ECF No. 64, and Jaber seeks his attorney's fees for his victory against Plaintiff, ECF No. 83.[1] Plaintiff moves for $69,255 in fees under the Copyright Act or, in the alternative, under Federal Rule of Civil Procedure 37. *See generally* ECF No. 64. Jaber moves for $50,250 in fees under the Copyright Act only. *See generally* ECF No. 83. Both motions are fully briefed. ECF Nos. 80 (NOFAL's opposition to Plaintiff's motion), 87, 88 (briefing on Jaber's motion). Plaintiff and Jaber also filed bills of costs. ECF Nos. 62, 84. For the reasons stated herein, both motions for fees will be denied and no fees or costs will be awarded to either party.

For the sake of brevity, the Court incorporates by reference its previous recitation of the facts as developed at trial. ECF No. 61 at 2–12. The Court will reference additional facts from the parties' motions as necessary throughout this Order, omitting underlying citations to the record, which at this point is well-established.

---

[1]After Defendants failed to pay their first attorney, that attorney was permitted to withdraw, and pro bono counsel later appeared for Defendants. ECF Nos. 65, 68, 72, 73. Jaber, through pro bono counsel, sought additional time to file his motion for attorney's fees, which Plaintiff opposed but the Court granted. ECF Nos. 76–78.

## 2.    LEGAL STANDARD

### 2.1    Fees Under the Copyright Act

In a copyright action, the Court may, "in its discretion," allow "the recovery of full costs" and "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "If a party successfully demonstrates that it is a prevailing party, the reviewing court next considers the nonexclusive factors endorsed by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, . . . (1994): (1) the frivolousness of the claims or defenses asserted by the non-prevailing party; (2) that party's motivations in pursuing its claims or defenses; (3) the objective unreasonableness (both in the factual and in the legal components of the case) of those claims or defenses; and (4) the need for compensation or deterrence." *GC2 Inc. v. Int'l Game Tech., IGT, Doubledown Interactive LLC*, 391 F. Supp. 3d 828, 857 (N.D. Ill. 2019) (citing *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011)).

### 2.2    Fees Under Federal Rule of Civil Procedure 37

A party may move to recover its attorney's fees and expenses if it requests admissions under Federal Rule of Civil Procedure 36 and the responding party "fails to admit" the matter as requested and "the requesting party later proves . . . the matter true." FED. R. CIV. P. 37(c)(2). The Court must grant such a motion unless "the request was held objectionable under Rule 36(a)," "the admission sought was of no substantial importance," "the party failing to admit had a reasonable ground to believe that it might prevail on the matter," or "there was another good reason for the failure to admit." *Id.* at 37(c)(2)(A)–(D). If the motion is granted, the party may recover its attorney's fees "incurred in making that proof." *Id.* at 37(c)(2).

**3. ANALYSIS**

### 3.1 Prevailing Party for Fees Under the Copyright Act

Only prevailing parties are eligible to recover their attorney's fees from the opposing party. *See GC2 Inc.*, 391 F. Supp. 3d at 858 ("At the threshold, a party seeking recovery of attorney's fees must demonstrate that it is the 'prevailing party.'"). Plaintiff concedes that Jaber is the prevailing party on Plaintiff's vicarious infringement claim. ECF No. 87 at 1 ("While Jaber did prevail at trial . . . ."). NOFAL does not make any explicit argument that Plaintiff is not the prevailing party on its direct infringement claim. *See* ECF No. 80 at 12–13 (outlining legal standard and proceeding directly to *Fogerty* factors).

"[A] litigant 'prevails' (for the purpose of fee-shifting statutes) when it obtains 'a material alteration of the legal relationship between the parties[.]'" *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)). "A judgment in a party's favor has such an effect . . . ." *Id.*

Under this definition—and as discussed further below—both Plaintiff and Jaber theoretically could be considered prevailing parties. Plaintiff won a money judgment against NOFAL, and Jaber won a dismissal with prejudice of Plaintiff's claim against him. ECF No. 54. They each obtained, as a result of the jury's verdict, material alterations of the legal relationships amongst themselves (and NOFAL), and the judgment embodies findings in each party's favor. Jaber's victory cannot "be characterized as purely technical or *de minimis*," *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (collecting cases); his success changed his legal relationship with Plaintiff from one of potential

liability to one of no liability. *See GC2 Inc.*, 391 F. Supp. 3d at 859 (finding no meaningful alteration of the parties' legal relationship where overall potential liability remain unchanged).

Unfortunately, the parties' briefing focuses much more on "should" rather than "can": they exclusively analyze whether the *Fogerty* factors favor awarding any fees, bypassing threshold questions on whether they can both be considered prevailing parties (and if so, why the Court should grant two fee motions that would largely cancel one another out) or whether the Court is required to find a prevailing party, and award fees, at all.[2]

Beginning with the latter point: neither party acknowledges Seventh Circuit precedent finding that a district court acts within its discretion when it declines to award fees under the Copyright Act because "the jury's verdict points in two directions as to who prevailed." *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 906 (7th Cir. 2019), *cert. denied*, 589 U.S. 1138 (2020). In that case, the plaintiff claimed damages under the Visual Artist Rights Act of 1990 ("VARA"), an amendment to the Copyright Act, for destruction of 1,457 pieces of his artwork, others' artwork, and his personal property that he had stored in the defendants' facility. *Id.* at 900–01. A jury "found that

---

[2]The Court did not address these legal issues in previous orders in this case because they go to the merits of any § 505 fee motion and were not ripe for adjudication at that time. For example, when Jaber moved to file his fee motion after he failed to do so by the original deadline, the question at that time was not whether he was a prevailing party, but whether he had established excusable neglect to receive an extension of the deadline under Federal Rule of Civil Procedure 6. *See generally* ECF No. 81. Although the Court permitted "Jaber [to] seek[] to vindicate his right to seek fees, as a prevailing party in this matter," *id.* at 6, the Court did not hold that Jaber was in fact a prevailing party. And Plaintiff's status as a prevailing party has always been open for debate, as it acknowledged by arguing this point in its opening brief. ECF No. 64 at 13–14.

the defendants had destroyed four pieces of artwork protected under [VARA] and awarded $120,000 in damages." *Id.* at 900. However, the jury "did not award him damages on the remainder of the works for which he had claimed damages under [VARA] . . . ." *Id.* Based on this outcome, the district court later denied Narkiewicz-Laine's motion for attorneys' fees under 17 U.S.C. § 505, reasoning that "while [Narkiewicz-Laine] had won a damages award covering some of the works, he also lost the majority of the claims he brought." *Id.* at 901. "In the [district] court's view, then, there was no clear prevailing party and Narkiewicz-Laine was not entitled to attorneys' fees." *Id.*

The Seventh Circuit affirmed, noting that Narkiewicz-Laine did not "prevail[] across the board at trial." *Id.* at 906. It upheld the district court's use of discretion to deny Narkiewicz-Laine's fee motion on this basis, reasoning that "plaintiffs and defendants are on equal footing for purposes of fee awards under § 505" and therefore that the court need not "treat[] successful plaintiffs more favorably than successful defendants in terms of the award of attorney's fees." *Id.* (quoting *Fogerty*, 510 U.S. at 524). Likewise, in an earlier case, the Seventh Circuit "agree[d] with the district court's finding that neither [the plaintiff], who prevailed on but two of its seven [copyright] infringement claims, nor [the defendant], who wound up on the wrong end of a $10,000 judgment, can be deemed the 'prevailing' party." *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1022 (7th Cir. 1991), *abrogated on other grounds by Fogerty*, 510 U.S. 517.

One district court has criticized *Video Views* as inconsistent with the Supreme Court's holdings in other fee cases that "'the amount of damages awarded' is generally irrelevant to deciding whether a party has prevailed and that prevailing-party status 'only requires success on the merits of at

least some of [the fee movant's] claims.'" *Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 721 (S.D. Tex. 2015) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992) and quoting *Buckhannon*, 532 U.S. at 603–04). This criticism, while insightful, does not help resolve the question here: who is the prevailing party in this case, Plaintiff, Jaber, neither, or both?

On the other hand, in a different context—a Lanham Act trademark case in which both plaintiff and defendant "ultimately lost on their claims" and moved for costs under Federal Rule of Civil Procedure 54—the Eleventh Circuit rejected the proposition that Rule 54 means that "the district court *must* name a prevailing party in every case." *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1373–74, 1378–80 (11th Cir. 2022); *id.* at 1375 (noting district court's findings that "[Royal Palm] . . . maintained the Trademark" and also that "it was found that [Pink Palm's] prior conduct did not infringe that Trademark," so that "each Party prevailed and lost on one of two central issues in this case—leaving no clear winner"). It first found that "the meaning of 'prevailing party' is the same in either context—fees or costs." *Id.* at 1377. It went on to hold that "[a]dopting a rule that allows room for scenarios where neither party satisfies the 'minimum' alternation-of-the-legal-relationship requirement for prevailing party status makes sense[,] . . . [and n]othing in Rule 54, nor in Supreme Court precedent requires the district court to arbitrarily name a winner in such instances where neither party crosses the threshold to prevailing party status." *Id.* at 1380 (citing *Garland*, 489 U.S. at 792). The appellate court noted that the Federal Circuit has opined "that [Rule 54 means that] the court must declare a prevailing party" but the Eighth, Fifth, and Second Circuits all have found "instances where neither party prevails." *Id.* at 1378–79 (citing *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed.

Cir. 2010); *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 907 (8th Cir. 2016); *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 584 (5th Cir. 1986); and *Srybnik v. Epstein*, 230 F.2d 683, 686 (2d Cir. 1956)).

Seventh Circuit precedent and persuasive authority, then, would permit the Court to—at a minimum—deny Plaintiff's fee motion because Plaintiff's trial victory was only partial and was offset by Jaber's success. The Ninth Circuit cases that Plaintiff cites in support of its argument that it is the (or a) prevailing party because it proved NOFAL's liability and was awarded some measure of damages are irrelevant in light of this precedent. ECF No. 64 at 13–14 (collecting cases). The Court could deny Jaber's fee motion on the same logic.

The Court moves to the other threshold question of whether Plaintiff and Jaber can both be considered prevailing parties. Jaber did not address this possibility when he moved to file his fee motion past the original deadline, and the Court did not address it at that juncture. *See generally* ECF No. 76 and *supra notes* 1 and 2. Jaber did not address this issue in briefing the instant motion, nor did Plaintiff argue the point. *See generally* ECF Nos. 83, 87. But the parties' dual motions, by their very existence, presuppose such a possibility.

The Court has not located any binding Seventh Circuit authority addressing this point. One district judge in the Northern District of Illinois has entertained both a fee motion by a defendant, IGT PLC, who "successfully sought a motion to dismiss" for lack of personal jurisdiction, and a fee motion by a plaintiff who prevailed on its copyright infringement claims and won damages at a jury trial, and found that both parties were prevailing parties under § 505. *GC2, Inc.*, 391 F. Supp. 3d at 837–38, 857–60. The district court found that IGT PLC was a prevailing party by virtue of

its successful motion to dismiss, but did not explain its reasoning for considering that two adverse parties could both be considered prevailing parties. *Id.* at 858–59. And ultimately, the court denied any fees for IGT PLC on the *Fogerty* factors. *Id.* at 859–60.[3]

Other federal courts have rejected the notion that there can be more than one prevailing party for purposes of attorney's fees under the Copyright Act. For example, one district court was faced with competing fee motions from (1) one of two plaintiffs, who prevailed on the merits of its claim against the defendant, and (2) the defendant, who secured dismissal without prejudice of the other plaintiff's claim for lack of standing. *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 783 (E.D. Va. 2017), *rev'd in part and fee award vacated on other grounds*, 881 F.3d 293 (4th Cir. 2018).[4] The district court acknowledged the possibilities that "a defendant [could] prevail against one party, but . . . lose against another" and that there may be multiple prevailing parties when "those parties appear on the same side of a single cause of action," but "read[] § 505 to mean that only one *side* of a cause of action may prevail." *Id.* at 784 (citing *Modick v. Carvel Stores of N.Y., Inc.*, 209 F. Supp. 361, 363 (S.D.N.Y. 1962) and *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 227 (4th Cir. 1993)). To reach this conclusion, it reasoned that "a plain reading of the statute . . . contemplates a single prevailing party" and that "this

---

[3]Despite finding that the plaintiff was a prevailing party because of its trial victory, the court also denied the plaintiff's fee motion on the *Fogerty* factors. *GS Inc.*, 391 F. Supp. 3d at 857–58.

[4]The Fourth Circuit noted that its "holding as to the jury instructions require[d] [it] to vacate [the district court's] award of fees," and explicitly "did not address the merits of those awards." *BMG Rts. Mgmt (US) LLC*, 881 F.3d at 301 n.1.

understanding fits neatly into our adversarial judicial system, which requires a 'case or controversy' so that courts may pick a clear winner from one side of the 'v.'" *Id.* at 783–84 (citing 17 U.S.C. § 505 and U.S. CONST., art. III, § 2, cl. 1). It therefore found that the defendant who secured dismissal without prejudice of one plaintiff's claims could not be considered a prevailing party and accordingly denied the defendant's fee motion. *Id.* at 785.

Another district court addressed whether § 505 permits both sides to recover their costs when each is a partial victor (attorney's fees were not at issue). *Tempest Publ'g*, 141 F. Supp. 3d 712. The plaintiff sued the defendant for copyright infringement on four songs. *Id.* at 716. The defendant won dismissal at summary judgment of the plaintiff's infringement claims as to two songs, and the plaintiff succeeded at a bench trial on its infringement claims as to the other two songs, winning $5,000 in damages. *Id.* Both moved post-trial for their costs, but the court awarded partial costs only to the plaintiff. *Id.* Despite § 505's language that "*any* party" may recover costs, the court reasoned that the statute's provision that "*the* prevailing party" may recover attorney's fees also precluded more than one party from recovering costs. *Id.* at 719–20. In other words, the district court adopted a presumption that there can be only one prevailing party for purposes of § 505 attorney's fees.

*BMG* and *Tempest* explicitly addressed the issue of whether there can be more than one prevailing party in cases like the present one, and both suggest that the Court could deny one of the fee motions in this case for the simple reason that § 505 does not contemplate fee awards to more than one prevailing party when those parties are on opposite sides of the dispute— i.e., both motions cannot coexist. Meanwhile, *GC2, Inc.*, suggests that the

Court could find both Plaintiff and Jaber to be prevailing parties, and contemplate (and theoretically grant) each one's fee motion, but did not set forth legal reasoning explaining how this outcome would be consistent with § 505.[5]

The unique circumstances of this case put the Court in a challenging position of attempting to answer questions that the parties did not brief, but which are essential to the appropriate resolution of their motions. Ultimately it appears that the Court can validly determine under Seventh Circuit precedent that there is no prevailing party, and persuasive precedent points in both directions on whether the Court can or cannot find that there is more than one prevailing party.

The Court finds *Narkiewicz-Laine* most relevant and instructive in the present situation and will follow its reasoning to deny both Plaintiff's and Jaber's fee motions. As the district judge in *Narkiewicz-Laine* explained in initially ruling on the fee motions:

> The reality of this case is that both parties prevailed in some significant aspects, and both parties lost in some significant aspects, such that it is difficult to declare one clear winner. [The p]laintiff prevailed by receiving a judgment in his favor,

---

[5]If the Court were to decide which party in this case is the sole prevailing party, the methodology for doing so is unclear. The Court likely could not declare either Plaintiff or Jaber the prevailing party based solely on the relief that each achieved. In cases of mixed judgments or split verdits, courts have rejected an "overall prevailing party" methodology, as well as arguments that fees should be apportioned according to a party's degree of success. *See, e.g.*, *Tempest Publ'g*, 141 F. Supp. 3d at 721 ("Section 505 does not speak of an 'overall' prevailing party."); *Balsley v. LFP, Inc.*, 691 F.3d 747, 772 (6th Cir. 2012) (rejecting arguments that one party was the "'overall' prevailing party—and thus . . . the only party entitled to fees simply based on the number of claims that it successfully defended" or that the defendant "should receive at least 'four sevenths (57.1%)' of the fees for the entire action because it was successful on four of [the p]laintiffs' original seven claims" (citing *Farrar*, 506 U.S. at 114)).

whereas [the] defendants prevailed by successfully defending against most of [the] plaintiff's VARA claims and the enormous amount of damages he sought. Under these circumstances, the court has determined, in its discretion, that there is no prevailing party entitled to attorney's fees and costs under § 505.

No. 11 C 1826, 2018 WL 11276807, at *6 (N.D. Ill. June 14, 2018) (footnotes omitted), *aff'd*, 930 F.3d 897. For the same reasoning, the Court finds in its discretion that there is no prevailing party in this case, and therefore neither Plaintiff nor Jaber is entitled to their attorneys' fees. Because neither party prevailed, the Court will bypass analyzing the *Fogerty* factors for either motion. The Court also need not determine whether Jaber's requested attorney's fees are reasonable; Plaintiff's arguments as to the reasonableness of its counsel's fees are briefly addressed and dismissed in the next section.

### 3.2    Plaintiff's Motion for Fees Under Rule 37

The Court separately analyzes Plaintiff's alternative Rule 37 fee request, which comprises a single paragraph in its brief. ECF No. 64 at 18.[6] Plaintiff argues that it is entitled to its attorney's fees "for [NOFAL's] failure to admit a multitude of Plaintiff's requests for admissions" relating to facts Plaintiff later proved at trial. *Id.* Jaber initially denied, and NOFAL denied in its answer, any affiliation with the Facebook page on which Plaintiff's photo was posted in violation of Plaintiff's copyright. *Id.* at 3. NOFAL also denied affiliation with the Facebook page in its August 2023 responses to Plaintiff's requests for admissions. *Id.* at 5–6. In his September 2023 deposition as NOFAL's corporate representative, Jaber likewise denied that

---

[6]Jaber's opposition to this argument is just two sentences, ECF No. 80 at 18, and does not engage at all with the Rule 37 standard.

NOFAL has a Facebook page or controlled the Facebook page on which the infringing photo appeared. *Id.* at 6–7. On the other hand, Jaber's son, Amjad Hamed ("Amjad"), who served as floor manager of the store NOFAL owned (Food Town Mart), testified in his December 2023 deposition that the Facebook page was affiliated with Food Town Mart and that he himself posted Plaintiff's photo there. *Id.* at 9. Amjad testified at trial that Jaber did not know, at the time of infringement in September 2020, about the Facebook page. ECF No. 61 at 6.

Jaber testified at trial that he "became aware of the Facebook page and its affiliation with NOFAL after he and NOFAL were named as Defendants in the operative complaint in February 2023"—several months prior to his denials in discovery and deposition of that fact. ECF No. 61 at 6. Post-trial, the Court dismissed Plaintiff's argument "that the Court's decision to exclude evidence of Defendants' statements in discovery that were inconsistent with Jaber's testimony at trial resulted in an unfair trial." *Id.* at 31. "[W]hile it is true that Jaber made incorrect statements in discovery," the Court observed, "he corrected the mistakes and testified truthfully to the jury even though doing so was not to his benefit . . . ." *Id.*

The Court also noted that "[t]o the extent the jury questioned whether Jaber, by virtue of his asserted lack of knowledge of the Facebook page and post prior to February 2024, had the right and ability to control the infringing activity, it appears that as a legal matter he did." *Id.* at 23–24 n.7 (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931 n.9 (2005), which explains that the theory of "vicarious liability allows imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer,

even if the defendant initially lacks knowledge of the infringement" (citations omitted)).

Based on these facts, the Court finds that Plaintiff is not entitled to its attorney's fees under Rule 37(c) because "the admission sought was of no substantial importance." FED. R. CIV. P. 37(c)(2)(A)–(D). Plaintiff makes much of the fact that Defendants took inconsistent positions during the lawsuit, while ignoring that the Court has already held that failure to admit evidence of this inconsistency at trial was proper. Plaintiff also does not account for the Court's finding that, even if such evidence had been admitted, it could not have made a difference to the jury's verdict because Jaber's knowledge of the Facebook page where the infringing content appeared was legally irrelevant to his right and ability to supervise NOFAL, the direct infringer. *Metro-Goldwyn-Mayer Studios*, 545 U.S. at 931 n.9.

Accordingly, Plaintiff's motion must be denied to the extent it seeks attorney's fees under Rule 37. The Court also briefly notes that it finds Plaintiff's fee request excessive for the Rule 37 context. Plaintiff faults Defendants for not earlier amending the answer or their discovery responses "[d]espite [Amjad's] testimony/admissions." ECF No. 64 at 10. Plaintiff argues that it should receive its attorney's fees for this failure to admit "in the full amount . . . [it] was forced to incur from the date of service of [Defendant's] responses [to discovery] through trial." *Id.* at 18. Plaintiff's billing records include numerous entries during that time frame that have an extremely tenuous or no relationship to Defendants' failure to admit— for example, drafting an interim settlement report and motions to modify the scheduling order, and corresponding regarding settlement demands and trial preparations—as well as thousands spent for trial preparations

and nearly $10,000 in billing for entire trial days, only a small portion of which was realistically spent preparing for and eliciting the above-referenced admission from Jaber. ECF No. 64-2 at 10–11. Even if the Court had approved Plaintiff's Rule 37 fee request, the claimed fees would be far in excess of the "fees incurred in making [the] proof" of matters Jaber failed to admit, and the request would be subject to a significant reduction. FED. R. CIV. P. 37(c)(2).

### 4.     CONCLUSION

For all these reasons, the Court will deny both Plaintiff's and Jaber's motions for their attorneys' fees.

Because there is no prevailing party in this matter, the Court further finds that neither party is entitled to its costs. It is not clear whether the parties are moving for costs under the Copyright Act or Rule 54, but either way, the Court's finding would be the same. *See* 17 U.S.C. § 505 (permitting the Court "in its discretion" to award costs); FED. R. CIV. P. 54(d)(1) (providing that costs "should be allowed to the prevailing party" "[u]nless . . . a court order provides otherwise"); *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284 (1946) ("Th[e] allowance [of costs] to the prevailing party is not . . . a rigid rule. Under the Rules of Civil Procedure the court can direct otherwise." (citing FED. R. CIV. P. 54(d))); *see also, e.g., Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 113–14 (D.D.C. 2017) (requiring each party to bear its own costs due to "the mixed nature of the judgment"); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 412 F. Supp. 2d 571, 574–76 (E.D. Va. 2006) (declining to award either party their costs under Rule 54 because "th[e] case produced a mixed outcome and there is no prevailing party").

Accordingly, each party shall bear its own costs in this action, and no costs shall be awarded pursuant to the parties' bills of costs, ECF Nos. 62, 84.

Accordingly,

**IT IS ORDERED** that Plaintiff Prepared Food Photos, Inc.'s motion for attorney's fees, ECF No. 64, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Sharif Jaber's motion for attorney's fees, ECF No. 83, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that each party shall bear its own costs in this action, and no costs shall be awarded to either party pursuant to their bills of costs, ECF Nos. 62 and 84.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge